# Fowlkes *v.* Lewis.

## *Malicious Prosecution.*

(Decided June 11, 1914.   65 South. 724.)

1. *Trial; Objection to Evidence; Grounds.*—The court will not be charged with error in overruling a general objection to a question "what was said to him, if anything?" as such question did not plainly indicate that any evidence it might elicit would be inadmissible for any purpose.

2. *Same; Reception; Time of Objection.*—Objection not interposed to a question until after it has been answered comes too late to charge the court with error in overruling such objection.

3. *Evidence; Opinion; Facts or Conclusion.*—The question to a witness to state whether or not the criminal proceedings were taken out under the advice of an attorney, was properly excluded as the inference was not to be drawn by the witness, but by the jury from the facts stated.

4. *Witnesses; Examination; Leading Question.*—Where a witness had assisted in the criminal prosecution, a question to such witness, "the evidence introduced by Lewis was in substance and effect, that he was on the premises when he got the notice not to enter," was objectionable as leading.

5. *Same.*—Questions to witnesses which tended to elicit proof as to what they did without specifying whose conduct was the subject of inquiry were objectionable and properly excluded.

6. *Malicious Prosecution; Evidence; Transactions With Other Parties.*—Evidence as to whether defendant notified one H. to quit his job on defendant's premises, allowed proof of a transaction had with a stranger to plaintiff, and was not admissible, especially as the witness disclaimed any knowledge of plaintiff's connection with H.

7. *Same; Possession of Premises.*—Where the action was for malicious prosecution for trespass after warning, evidence as to whether defendant could get undisputed possession of his premises when he caused plaintiff to be arrested, was immaterial, as plaintiff's right of action could not be affected by the fact that, possibly because of some occurrence for which he was not responsible, defendant was not able to get possession of the premises, and as such fact would not have justified a prosecution of plaintiff without probable cause.

8. *Same; Malice.*—Where the court charged that plaintiff must show that defendant instituted the prosecution, and that it had terminated before the commencement of this action, that it was instituted without probable cause and maliciously, other portions of the charge dealing with malice as one of the elements of the wrong, and not indicating that plaintiff could recover on proof only of defendant's malice was not objectionable as importing that defendant would be liable if in instituting the prosecution, he was actuated by any motive other than the simple purpose of bringing defendant therein to justice, though he had probable cause to believe that defendant therein was guilty of the offense charged.

9. *Same.*—To constitute malice as a necessary element of malicious criminal prosecution, it is not necessary that there should be any actual hate or ill will towards the one prosecuted or any one; a malicious motive in law is any motive other than a bona fide purpose to enforce the criminal law.

10. *Same; Want of Probable Cause.*—Malice may be inferred from a want of probable cause to believe that the person prosecuted was guilty of the offense of which he was charged.

11. *Same; Advice of Counsel.*—To be a defense advice of counsel must have been given on a full and fair statement of all the facts known to the prosecutor, or which he could have ascertained by proper diligence.

12. *Same.*—A refusal to charge that plaintiff had no legal cause or excuse to remain on or to enter upon defendant's premises if he was duly warned not to enter upon or to leave the premises, was justified because of the vagueness of the instruction.

13. *Same.*—In an action for malicious criminal prosecution for a trespass as defined by section 7827, Code 1907, a charge requested by defendant asserting that if plaintiff was duly warned by defendant

[Fowlkes v. Lewis.]

or his agent to leave the premises, and refused to do so without good excuse, or if he thereafter wrongfully entered the premises, or if he was warned to leave and failed to do so, was faulty in failing to submit the question of defendant's possession.

14. *Same.*—Where it was conceded that defendant had instituted the alleged prosecution and that it had terminated in an acquittal of defendant before this action was commenced, the defendant was not entitled to have the verdict directed for him unless the undisputed evidence showed that when he instituted the prosecution he had an honest belief of plaintiff's guilt of the offense charged, supported by reasonable ground.

15. *Same.*—Where the evidence was that whatever belief defendant had as to plaintiff's guilt was founded upon information given by his agent, who was before the jury as a witness, the agent's credibility, defendant's belief in such information, and whether such information constituted a reasonable ground for his belief in plaintiff's guilt, were questions for the jury.

16. *Same.*—A charge that if defendant maliciously and without probable cause had plaintiff arrested and imprisoned, plaintiff could recover such damages as justly compensated him for what he suffered, was not in conflict with the charge that if the jury believe the evidence they could not find for plaintiff under a count charging that defendant wrongfully caused him to be arrested and imprisoned, as the facts hypothesized in the charge, coupled with those as to which there was no controversy, were all that plaintiff had to prove to sustain his action.

17. *Same.*—A charge asserting that probable cause is a state of mind, in that the facts are to be regarded from the point of view of the prosecutor, and that question was not what the actual facts are, but what he had reason to believe them to be, was properly refused as inapplicable to the issue, the issue being whether the cause of belief was a state of fact or circumstances, rather than a mere mental attitude.

18. *Same.*—A charge asserting that the action does not lie at the instance of the guilty party, and the right of recovery does not depend upon innocence or acquittal, but upon such complete innocence that there could be no reasonable ground for relief of the guilt of the person prosecuted, justified a finding against the plaintiff for anything in his conduct which would have afforded anything a reasonable basis for belief in his guilt, although at the time the prosecution was begun defendant did not believe him guilty, and was hence, properly refused.

19. *Same.*—Proof of an acquittal does not tend to establish want of probable cause for believing one guilty.

20. *Same.*—A charge asserting that neither malice nor probable cause can be inferred from the failure of the prosecution, was properly refused in omitting want of probable cause, thus rendering the charge confusing.

21. *Charge of Court; Directing Verdict.*—Where a record fails to show that the evidence in the case afforded no basis for an inference adverse to defendant's right to a verdict, he is not entitled to the affirmative charge.

22. *Same; Abstract.*—A charge asserting that common report or information from others in connection with other circumstances tending to show guilt may rebut malice, in the absence of evidence of such common report as to plaintiff's guilt, was properly refused as abstract.

23. *Same; Application to Issues.*—Where it was not controverted that the prosecution for trespass was instituted and had terminated before the bringing of this suit it was not necessary to hypothesize those elements in a charge.

24. *Same; Construction.*—Parts of an oral charge should be construed with other parts of the charge, and if when so construed, they correctly state the law, a reversal will not follow because an isolated portion thereof may be erroneous.

25. *Appeal and Error; Harmless Error; Instruction.*—Where a charge was rendered misleading by the omission of a word, but there were other charges correctly stating the law and covering this particular defect, the giving of such charge was harmless, especially where there was no request for an explanatory instruction.

26. *Same; Overruling Motion; Discretion.*—Where it it not made to appear that reversible error was committed in refusing a motion for a new trial, the court's action in such matter will not be reviewed.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Vivian C. Lewis against F. B. Fowlkes for malicious prosecution and false imprisonment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following charges were given for plaintiff:

(6) While the court has charged you that malice is a necessary ingredient of malicious prosecution, the court further charges you that in order to constitute malice it is not necessary that there should be any actual hate or ill will towards the party prosecuted, nor towards any one else, but a malicious motive in law is any motive other than a bona fide purpose to enforce the criminal law, and malice may be inferred by the jury from a want of probable cause to believe that the person prosecuted was guilty of the offense for which he was prosecuted, if the jury are reasonably satisfied from the evidence that there was such want of probable cause.

(7) Malice in law is not necessarily hate or ill will towards the person prosecuted, or towards any one else,

but it may consist in any motive for bringing the prosecution other than a bona fide purpose to punish guilty parties.

(5) The court charges the jury that, if you believe from the evidence that defendant in this case did maliciously, and without probable cause therefor, cause plaintiff to be arrested and imprisoned on a charge of trespass after warning, then they must find for the plaintiff, and assess such damages as in their sound judgment and discretion, you think shall be a just compensation for all the damages he suffered by reason and as a proximate consequence of plaintiff having been so arrested and imprisoned.

(2) The court charges the jury that, unless the jury believe from the evidence that all the facts known to defendant or which he could have ascertained by diligence were fully and truly laid before a reputable, practicing attorney, the advice of such an attorney is no protection to defendant.

The following charges were refused to defendant:

(14) Under the evidence in this case, plaintiff had no legal cause or good excuse to be or remain or enter upon Fowlkes' premises if the evidence reasonably satisfies you that he was duly warned either in writing or by word of mouth not to enter upon or leave the premises.

(E) If you believe from the evidence that Lewis was duly notified by Fowlkes or his agent to leave the premises, and that Lewis failed or refused to do so without legal cause or good excuse, your verdict should be for the defendant, and in this connection the court instructs you that legal cause or good excuse does not mean a valid, lawful cause or excuse—a cause or excuse that is good in law and such as would confer the right on the plaintiff to disobey the warning.

(F) If you believe from the evidence that Lewis was duly notified by Fowlkes or his agent not to enter on the premises, and that nevertheless Lewis thereafter wrongfully entered on the premises in violation of such warning, your verdict should be for defendant.

(G) Same as F, except that it is predicated upon being warned to leave the premises and failing to do so.

(2) The court charges the jury that probable cause is a state of mind, in this, that the facts are to be regarded from the point of view of the prosecutor. The question is not what the actual facts were, but what he had reason to believe they were.

(6) Neither malice nor probable cause can be inferred from the failure of the prosecution.

(13) An acquittal does not tend to establish want of probable cause.

(8) The action does not lie at the instance of the guilty party, and the right of recovery does not depend upon the innocence or acquittal of plaintiff, but upon such entire innocent conduct of plaintiff that there could be no reasonable ground for believing him guilty by defendant.

(11) Common report or information from others in connection with other circumstances tending to show guilt may rebut malice.

STOKELY, SCRIVNER & DOMINICK, and I. M. ENGLE, for appellant. The court was in error in its oral charge, and in giving charges 4 and 5 requested by plaintiff.— *Jordan v. A. G. S.*, 81 Ala. 220; *Lunceford v. Deitrich*, 93 Ala. 565; *Leib v. Shelby I. Co.*, 97 Ala. 629. The court also erred in giving charge 2 for plaintiff.—29 N. W. 743; 26 Cyc. 34-5, and notes. On the same authority the court erred in giving charge 1 for plaintiff. No claim of right or title will constitute a defense to

[Fowlkes v. Lewis.]

an action of trespass after warning as against the per son in possession.—*Burkes v. State,* 117 Ala. 148; 1 Mayf. 842; *Wilson v. State,* 87 Ala. 117. The burden rested on plaintiff to show that he had a good excuse for returning to the premises.—*Owen v. State,* 74 Ala. 399. We submit, therefore, that charges 14 and 15 and E, F, and G, refused to defendant should have been given On the whole case, defendant was entitled to and should have received the affirmative charge as to each count of the complaint.—*McLeod v. McLeod,* 73 Ala. 45; *Steed v. Knowles,* 79 Ala. 450; *Ewing v. Sanford,* 19 Ala. 605, and authorities supra. Written charge 2 should have been given.—26 Cyc. pp. 23-32, and authorities therein cited. On these authorities, charges 6, 8, 11, 13, and 7 should have been given.—*McLeod's Case, supra;* 98 U. S. 140. The question objected to as leading was very leading.—*Marks v. Hastings,* 101 Ala. 166; 17 Ala. 540; 1 Stewart 494. The court should have permitted defendant to show that proceedings were taken out under advice of Mr. Brown.—*Steed v. Knowles, supra; Laird v. Davis,* 17 Ala. 27; 26 Cyc. 36. Defendant could state as a fact that he did act on such advice.—26 Cyc. 97; 1 Wig. Evid. 581. Counsel discuss other assignments of error, but without citation of authority.

HARSH, BEDDOW & FITTS, for appellee. The exception to the court's oral charge is all one exception, and the questions sought to be raised are not properly raised, but are without merit if properly raised.—*Jordan v. A. G. S.,* 81 Ala. 220; *Morgan v. Duffie,* 30 S. W. 735; 5 Words & Phrases, 4303-4; 26 Cyc. pp. 47-50; *Rutherford v. Dyer,* 146 Ala. 672; *Lunceford v. Deitrich,* 93 Ala. 569. The court was not in error in giving the charges requested by defendant.—*Rutherford v. Dyer, supra; Sloss- Sheffield v. O'Neal,* 52 South. 593; 5 Mayf.

625. There was no error in refusing charges 14, 15, E, F, and G, requested by defendant. Under all the authorities cited supra, and the case of *Allsop v. Liddon*, 130 Ala. 554, defendant was not entitled to have the verdict directed for him. An acquittal itself is prima facie evidence of a want of probable cause.—51 Atl. 927; 6 Pa. Sup. Ct. 618. Counsel discuss other charges refused, but without further citation of authority. An objection to a question comes too late after the question has been answered.—*W. U. T. Co. v. Bowman*, 141 Ala. 175. Counsel discuss the other assignments of error relative to evidence, but without further citation of authority.

WALKER, P. J.—The action may be treated here as one for malicious prosecution, as the count charging false imprisonment was eliminated by the general affirmative charge as to that count given at the request of the defendant, the appellant here. It was undisputed that the defendant caused the plaintiff to be prosecuted criminally for an alleged trespass after warning, and that, before the commencement of this suit, that prosecution had resulted in the acquittal of the plaintiff. The theory on which that prosecution was instituted was that the plaintiff, who as a subcontractor under one Hicks, had been engaged in painting a house which Hicks had contracted to build for the defendant, after Hicks had abandoned his contract and defendant had taken charge of the house to have it completed by others employed by himself, and when he (the plaintiff) no longer had any right or good excuse to be or remain on the defendant's premises, entered or remained thereon after having been warned or ordered not to do so.— Code, § 7827. The plaintiff testified to the effect that at the time he was arrested on the criminal charge made

by the defendant he was engaged on the painting job for which he had contracted with Hicks; that he did not know that Hicks had abandoned his contract or that he had been dispossessed or ejected; and that he (the plaintiff) had not been notified or warned not to enter or remain upon the defendant's premises. The defendant, on the other hand, introduced evidence tending to prove that when the prosecution was instituted there was probable cause for him to believe that the plaintiff was guilty of the offense with which he was charged, and that the action he took was in pursuance of the advice of an attorney to whom all the facts were submitted.

We are not of opinion that the question asked the witness Martin, "What was said to him, if anything?" so plainly indicated that any evidence it might elicit was inadmissible for any purpose that the court was chargeable with error for overruling the objection to it, which was a general one, specifying no ground upon which it was made.—*Williams v. Anniston Electric & Gas Co.*, 164 Ala. 84, 51 South. 385. A statement by the witness as to something said by the defendant to the plaintiff, throwing light on the former's motive or purpose in instituting the prosecution, would not have been unresponsive to the question. At any rate, the court was entitled to be informed of the ground upon which the question was supposed to be objectionable.

As to objections made to questions after they had been answered, it is enough to say that they came too late for the court to be chargeable with error for overruling them.—*Birmingham Ry., Light & Power Co. v. Taylor*, 152 Ala. 105, 44 South. 580.

It was not error for the court to sustain the plaintiff's objection to the question of the defendant to his witness Smith, "State whether or not the proceedings were taken out under the advice of Mr. Brown, the attorney."

The matter called for was one for the jury to pass upon from the evidence adduced, and it was not for the witness to state the inference he drew from the facts to which he deposed.—*United States Cast Iron Pipe & Foundry Co. v. Granger,* 162 Ala. 637, 50 South. 159. The facts as to getting the advice of a lawyer and as to what was thereafter done having been testified to fully, the jury were as well able as the witness to draw the proper inference from them. Whether or not the person who instituted the proceedings could properly have been permitted to state what influenced him in doing so is a question which is not presented for decision.

We are unable to discover how there could have been any relevancy in any answer that could have been expected to the question asked the defendant, "Did you or not notify Hornbuckle to quit the job?" especially in view of the fact that the witness disclaimed any knowledge of the plaintiff's having any connection with the person named in the question. Plainly the defendant was not entitled to prove a transaction he had with one who was stranger to the plaintiff.

We are not of opinion that material evidence was called for by the question asked the defendant, "Tell the jury whether or not you could get undisturbed possession of your premises at the time this arrest was made." If the plaintiff had a right of action against the defendant for a malicious prosecution, it could not have been affected or impaired by the fact that, possibly because of some occurrence for which the plaintiff was not responsible, the defendant was unable to get undisturbed possession of his premises; nor could that fact justify or palliate the conduct of the defendant in instituting a criminal prosecution against the plaintiff without having probable cause to believe that he was guilty of the offense with which he was charged. The fact sought

to be proved was not a material one, and the court did not err in sustaining the objection to the question.

Following a statement of the defendant's witness C. B. Brown that he attended the trial of the case in the criminal court and assisted in the prosecution, he was asked the following questions, objections to which were sustained:

"What was their defense to the prosecution?" "What evidence did they introduce on that subject to show there was no trespass after warning?" "State whether or not they sought to show by evidence that Lewis was not guilty because he was on the Fowlkes lot when he got the notice not to enter on it." "The evidence introduced by Lewis was, in substance and effect, that he was on the premises when he got the notice not to enter?"

The leading nature of the last of these questions was enough to justify the court in sustaining the objection to it. Each of the other questions sought to elicit proof as to what "they" did, without specifying whose conduct was the subject of the inquiries, or confining the inquiries to matters in which the plaintiff participated or for which he was responsible. If it was desired to prove what the plaintiff did or what was done by his authority, the questions should have been so framed as not to be capable of eliciting evidence as to conduct of strangers to him for which he may not have been at all responsible. One Martin was arrested at the same time the plaintiff was. The questions as asked might have elicited statements as to what he or his counsel did or as to mere suggestions of counsel evidence of which was not admissible against the plaintiff.—*Tennessee Coal, Iron & Railroad Co. v. Linn*, 123 Ala. 112, 26 South. 245, 82, Am. St. Rep. 108. If it was permissible for the defendant to prove what the plaintiff did in resisting the criminal charge upon which he was tried—and as to

this we are not to be understood as intimating an opinion—the questions asked with a view of eliciting evidence in this regard should not have been so framed as to be calculated to bring out evidence which was not admissible against the plaintiff. The court was not in error in sustaining the objections to questions having the faults which have been mentioned.

The assignments of error which are based upon the single exception which was reserved to several parts of the oral charge of the court to the jury are sought to be supported by what was said in the opinion rendered in the case of *Jordan v. Alabama Great Southern R. Co.,* 81 Ala. 220, 228, 8 South. 191, in criticism of a charge which was construed as importing that a defendant would be civilly liable for a malicious prosecution if, in instituting it, he was actuated by any motive other than the simple purpose of bringing the person prosecuted to justice, notwithstanding the facts that he had probable cause to believe that the plaintiff was guilty of the offense with which he was charged, and that the plaintiff was, in fact, guilty of the offense. No such meaning can be attributed to the parts of the oral charge to which the exception was reserved, especially if they are read, as they should be, in connection with what was stated by the court in other parts of that charge. The giving of the parts of the charge which were excepted to was preceded by instructions plainly to the effect that it was incumbent upon the plaintiff, to entitle him to recover, to establish these four elements of the tort which he alleged, namely: (1) That the alleged prosecution was instituted by the defendant; (2) that it was terminated before this suit was brought; (3) that it was instituted without probable cause to believe that the plaintiff was guilty; and (4) that it was instituted maliciously. It is manifest that in the

parts of the charge which were excepted to the court was dealing with malice as one of the elements of the alleged tort for which the defendant was sought to be charged with liability, and it said nothing indicating that the plaintiff would be entitled to recover if he proved nothing but that the defendant, in instituting the prosecution, was actuated by malice, as that element of the alleged wrong was defined. The following statement contained in the bill of exceptions distinctly negatives the conclusion that the counsel for the defendant, the appellant here, understood the parts of the charge which were excepted to as conveying or suggesting the meaning which in argument here is sought to be imputed to them:

"The defendant's counsel stated at the time of the reservation of the exception that no exception was taken to the mere verbiage or phraseology of the said several parts of said oral charge excepted to, but to the principle announced therein to the effect that malice could be inferred from evidence tending to show that defendant, in the institution of legal proceedings, acted from any other motive or purpose than a bona fide effort to enforce the law."

What the court said in its definitions of malice to which an exception was reserved was in conformity with numerous rulings to the effect that: ·

"Any other motive than a bona fide purpose to bring the accused to punishment as a violator of the criminal law, or associated with such bona fide purpose, is malicious."—*Lunsford v. Dietrich*, 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79; *Jordan v. Alabama Great Southern R. Co.*, 81 Ala. 220, 8 South. 191; *Rutherford v. Dyer*, 146 Ala. 665, 40 South. 974.

Written charges 6 and 7 given at the request of the plaintiff also were in conformity with those rulings, and the court did not err in giving either of those charges.

The institution of the alleged criminal prosecution by the defendant, and its termination before this suit was brought, were admitted, or at least were not controverted. This being true, it was not necessary that these factors be hypothesized in a charge undertaking to state what it was incumbent upon the plaintiff to prove to entitle him to a favorable verdict. The elements of the alleged tort ·as to which there was any controversy were hypothesized in written charge 5 given at the request of the plaintiff. If the defendant maliciously and without probable cause brought about the arrest and imprisonment of the plaintiff on the criminal charge mentioned in the second count of the complaint, he committed the tort which was charged in that count.

The charge in question is not subject to the criticism of it which is made in the argument of the counsel for the appellant, that it was in conflict with the charge given at the request of the defendant to the effect that, if the jury believed the evidence they could not find for the plaintiff under the first count of the complaint, which charged that the· defendant wrongfully caused the plaintiff to be arrested and imprisoned. The facts hypothesized in that charge, coupled with those as to which there was no controversy, were all that the plaintiff had to prove to sustain the averments of the second count. The ·charge was applicable to the count which remained before the jury, and the court did not err in giving it.—*Lunsford v. Dietrich, supra.*

For the advice of counsel to be a defense to the prosecutor, it must have been given on a full and fair statement of all the facts known to him, or which, by proper diligence, he could have ascertained.—*Abingdon Mills v. Grogan*, 167 Ala. 146, 52 South. 596.

Written charge 2, given at the request of the plaintiff, is criticized because of its omission of some such

word as "due" or "proper" before the word "diligence," and it is suggested that the charge is to be construed as requiring the utmost diligence or extraordinary care. The court is not chargeable with the expression of such a meaning. This charge was given in connection with another one which referred to the diligence which was required as "due diligence." In this situation it is not to be supposed that the jury would infer that the charge in question imported a different or higher degree of diligence. All that can be said against that charge is that it called for an explanatory charge if it was supposed that its omission of any qualifying term before the word "diligence" gave it a tendency to mislead. A possible misleading tendency of the charge, which, it may be supposed, would have been removed by an explanatory charge if it had been requested, did not make the giving of it a reversible error.—*Doe ex dem. Anniston City Land Co. v. Edmondson,* 127 Ala. 445, 30 South. 61.

The refusal of the court to give written charge 14 requested by the defendant was justifiable, because it was so expressed as to be capable of conveying the meaning that, if the plaintiff was warned not to leave Fowlkes' premises, he had no legal cause or good excuse to be or remain there. The charge was lacking in clearness.

Each of the written charges E, F, and G requested by the defendant was faulty in its statement of a predicate for a verdict in favor of the defendant, in that it omitted the submission to the jury of the question of the defendant being in possession of the premises upon which the plaintiff was charged with having trespassed after warning. The evidence without dispute showed that prior to the arrest of the plaintiff he had rightfully been on those premises as a subcontractor under

Hicks, who had the contract for building a house thereon. It was controverted that at the time of the arrest Hicks had abandoned the contract and the defendant had resumed possession of his property for the purpose of having the building thereon completed. The possession of the premises by the defendant should have been hypothesized, as, if the plaintiff entered on the premises without having been warned not to do so, his failure or refusal to leave did not subject him to criminal prosecution unless he was ordered or requested to do so by "the person in possession, his agent or representative." —Code, § 7827. The court was warranted in declining to assume the existence of the fact that the defendant was in possession when the prosecution was instituted. That question was one proper to be submitted to the jury.

It being undisputed that the defendant instituted the alleged prosecution, and that it had been terminated by the acquittal of the plaintiff before this suit was brought, the defendant could not have been entitled to the general affirmative charge in his favor unless the uncontroverted evidence showed that when he instituted the prosecution he had an honest belief, supported by reasonable grounds, of the plaintiff's guilt of the offense with which he was charged.—*Steed v. Knowles,* 79 Ala. 446; *Long v. Rodgers,* 19 Ala. 321; 26 Cyc. 29.

Whatever belief he had of the plaintiff's guilt of having committed a trespass after warning was founded, not on his own knowledge of what the plaintiff had done or omitted to do, but upon information imparted to him by his agent Smith. Whether one really believed a thing of which he did not have personal knowledge, and whether such belief was supported by reasonable grounds, depends upon the credibility of the information upon which the belief is claimed to have been based.

[Fowlkes v. Lewis.]

When the information is the statement of another, the personality of the informant is a factor in the inquiry as to whether or not the information was or reasonably could have been relied on, as worthy of credit. Smith was before the jury as a witness. It was for them to pass upon his credibility and to determine whether or not the defendant believed his report of the plaintiff's conduct, and whether or not such report constituted a reasonable ground for the defendant's belief in the guilt of the plaintiff. As was said in the opinion in the case of *Jordan v. Alabama Great Southern R. Co., supra*: "No certain rule can be laid down for believing or not believing information received." Plainly it is to be inferred from what was said in that opinion that the questions of a party's belief in information imparted by third persons, and on the reasonableness or lack of reasonableness of the grounds for such a belief, are for the jury, and that on such a state of facts as that disclosed in the case at bar the court is not warranted in assuming either that the information was or that it was not credible, or that it was or was not actually believed by the party who acted on it. It follows that the court was not in error in refusing to give a charge which involved such an assumption.

Written charge 2 requested by the defendant is not an accurate statement of an applicable proposition. The belief of the prosecutor is a state of mind, but the cause of that belief must be a state of facts or circumstances, not a mere mental creation of the prosecutor, but known or reported to him as actually existing. The inaccuracy of the statement justified the refusal of the charge.

Written charges 6 and 13 refused to the defendant were calculated to convey the impression that the acquittal of the plaintiff was not a circumstance which it was permissible for the jury to consider in passing on

the question of the presence or absence of probable cause for the institution of the prosecution. It is true that a want of such probable cause cannot be inferred from the mere fact of acquittal (*McLeod v. McLeod,* 75 Ala. 483; 26 Cyc. 53); but it does not follow that the fact of acquittal should not be considered by the jury in connection with all the other circumstances disclosed by the evidence. In *McLeod v. McLeod, supra,* it was held that the defendant's unexplained abandonment of his prosecution of the plaintiff was not prima facie evidence of a want of probable cause; but it was said in the opinion:

"It is not to be inferred from what we have said that the act of abandoning a prosecution is not evidence to be weighed by the jury. That, and all other circumstances, should be considered in determining whether, at the institution of the prosecution, there was probable cause for believing the accused guilty of the offense charged."

If on the inquiry mentioned an abandonment of the prosecution may be considered as one of a combination of circumstances, it is because, when so considered, and not looked to as an isolated fact, disassociated from other circumstances disclosed by the evidence, it may be regarded as having some tendency to prove a want of probable cause. We think it is to be inferred from the expression just quoted that the acquittal of the plaintiff is such a fact as may be looked to as one of a number of circumstances which, when considered together, may be regarded as having some tendency to prove a lack of probable cause to believe that the plaintiff was guilty of the offense with which he was charged. It follows that charges which were so expressed as to be liable to convey the impression that the acquittal of the plaintiff, whether considered by itself or in connection with

other circumstances which there was evidence tending to prove, could not be looked to in passing on the question of the presence or absence of probable cause for the institution of the prosecution, are to be regarded as having such a tendency to mislead as to justify the refusal of the court to give them.

Charge 8 requested by the defendant was properly refused. The jury might have concluded from it that they would be justified in finding against the plaintiff if there had been anything in his conduct which could have afforded to any one a reasonable basis for a belief in his guilt, though they found from the evidence that, at the time the prosecution was instituted, the defendant did not believe that he was guilty of the offense for which he was prosecuted.

Refused charge 11 was abstract. There was no evidence of common report in reference to the plaintiff's guilt. It is not intended to be intimated that this charge was not faulty in other respects.

As to the assignment of error based upon the exception reserved to the overruling of the defendant's motion for a new trial, it is enough to say that, under the familiar rules applicable to the review on appeal of the action of a trial court in that regard, it is not made to appear that reversible error was committed by that ruling.

Affirmed.

### ON APPLICATION FOR REHEARING.

In response to the appellant's application for a rehearing we have reconsidered the action of the court in refusing to give written charges 6 and 13 requested by him. The conclusion heretofore announced as to those rulings was, as the opinion formerly rendered shows, influenced by an expression contained in the

opinion delivered in the case of *McLeod v. McLeod,* 75 Ala. 485, to the effect that one's abandonment of a prosecution which he is charged with having instituted maliciously and without probable cause is a circumstance to be considered by the jury in determining whether, at the institution of the prosecution, he had probable cause for believing the accused guilty of the offense with which he was charged. It was concluded that it was to be inferred from that expression that the acquittal of the plaintiff in a malicious prosecution suit is such a fact as may be looked to by the jury as one of a number of circumstances which, when considered together, may be regarded as having some tendency to prove a lack of probable cause to believe that he was guilty of the offense with which he was charged. We are now of opinion that we gave to the use of the quoted expression a significance which cannot properly be attributed to it. We are impressed with the view that in doing so we failed to have due regard for the difference between the act of the prosecutor himself in abandoning the prosecution and the act of a jury in terminating it by an acquittal. The prosecutor's relations with the two things stand upon such different footings that the expression by the court of the opinion that his conduct in abandoning the prosecution may be looked to by the jury in determining whether he did or did not have probable cause for instituting it cannot properly be regarded as indicating the propriety of the conclusion that, if there had been no abandonment of the prosecution, the acquittal of the defendant in it could as well, and for similar reasons, be considered by the jury in passing on the same inquiry as to the presence or absence of probable cause. That inquiry has reference to the time of the institution of the prosecution, and is as to whether at that time the prosecutor did or did not

have a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused was guilty of the offense with which he was charged. An acquittal is a result of another and possibly very different situation subsequently disclosed by the evidence adduced on the trial which may be very variant from that which was available to the prosecutor and was acted on by him in instituting the prosecution. In the trial the question is whether the evidence proves beyond a reasonable doubt the defendant's guilt of an offense charged, and no issue as to the existence of probable cause for instituting the prosecution is involved or passed on. A prosecution instituted by one who, acting in good faith, and on the reasonable appearance of things, entertained the reasonable belief of acquittal in consequence of the death, disability, removal from the state or nonattendance of witnesses; of witnesses giving testimony on the trial at variance with the defendant's guilt, may break down and end in an information imparted by them to the prosecutor; of disclosures of infirmities in their testimony not discoverable by him when he acted on it in instituting the prosecution; of the production of exculpatory evidence not accessible to him; of the individual idiosyncracies of the jurymen; or of the influence upon them of sympathy or partially, or of any one or more of an indeterminate number of causes to which may be attributed a verdict of a jury different from what might reasonably have been anticipated. It is plain that an acquittal may be due to any one or more of so many influences the operation of which to that end is not at all incompatible with the existence at the time the prosecution was instituted of a reasonable cause for the prosecutor to believe that the defendant was guilty of the

offense with which he was charged that it cannot properly be regarded as furnishing the whole or a part of a sufficient support for the conclusion that the prosecutor acted without probable cause in instituting the prosecution. It is so much in the ordinary course of things for one to be acquitted of an offense of which, at the time the prosecution was instituted, there was probable cause to believe he was guilty that his acquittal cannot be recognized as proving or rendering more probable the nonexistence of such probable cause when the prosecution was begun.

The conclusion is that written charge 13, in stating that "acquittal does not tend to establish want of probable cause," asserted a correct proposition applicable to the evidence in the case; and that the refusal to give it was reversible error.—*Bekkeland v. Lyons,* 96 Tex. 255, 72 S. W. 56, 64 L. R. A. 474; *Laing v. Mitten,* 185 Mass. 233, 70 N. E. 128; Cooley on Torts (3d Ed.) p. 336.

The use in refused charge 6 of the words "probable cause," instead of "want of probable cause," kept it from having the meaning probably intended, and rendered it confusing, with the result that the court was justified in refusing to give it.

In the argument filed in support of the application for a rehearing it is insisted that the court was in error in holding that the general affirmative charge requested by the defendant was properly refused. In this connection much stress is laid upon what was said in the opinion rendered in the case of *Louisville & Nashville R. R. Co. v. Stephenson,* 6 Ala. App. 578, 60 South. 490. Expressions used in that opinion are to be considered in the light of the fact that the testimony offered by the plaintiff in that case showed that the defendant had probable cause for the institution of the prosecu-

[Fowlkes v. Lewis.]

tion, and that the court regarded the evidence as a whole as leaving no room for dispute on that score. Such is not the case here. The plaintiff in no way vouched for the credibility of the information received by the defendant or for his good faith in acting upon it. Though undisputed evidence showed that the defendant received information of the commission by the plaintiff of the offense with which the latter was charged, that this information was fully laid before a lawyer for his advice, and that the prosecution was instittued only after the lawyer had advised that course, yet the record does not enable us to affirm that the evidence as a whole required the inferences that the information received by the defendant and upon which he acted was such as reasonably could have been relied upon by him as worthy of credit, and that he in good faith believed that the plaintiff was guilty of the offense for which he was prosecuted. As to these features of the case, as was suggested in the opinion heretofore rendered, the oral testimony upon which the case was tried may have afforded support for conclusions unfavorable to the defendant's contentions.

A record does not show that a party was entitled to the general affirmative charge requested in his behalf when it fails to show that the evidence in the case afforded no basis for an inference adverse to his claim.

Application for rehearing granted, former judgment of affirmance set aside, and reversed and remanded.