67 So.2d 814

**ROBERSON v. McCARLEY.**

5 Div. 544.

Supreme Court of Alabama.

Oct. 29, 1953.

Rehearing Denied Dec. 17, 1953.

584

Wm. C. Hare and Powell, Tuskegee, for appellee.

Robt. Edw. Varner and Edw. H. Reynolds, Tuskegee, and Ben Hardeman, Montgomery, for appellant.

SIMPSON, Justice.

Plaintiff McCarley recovered a judgment of $4,000 against the defendant, Roberson, in an action of malicious prosecution and Roberson has appealed.

We entertain the view that no error to reverse intervened pending trial; but on the whole evidence, do conclude the damages awarded were excessive and that a remittitur should be ordered. Code 1940, Title 7, § 811. In this view, therefore, we will discuss but briefly the other assignments of error.

■ The matter of the continuance requested by the defendant because of absent witnesses was within the discretion of the trial court and, unless a palpable abuse is shown by its refusal, his ruling in that regard will not be revised on appeal. With respect to the defendant's son overseas, sufficient diligence on the part of defendant was not shown. It was not made known to the court when this proposed witness had taken his departure or that it would have been impossible to take his deposition or that, if taken, the evidence adduced would not have been satisfactory, etc.; and as to the other witness, unnamed, no showing at all was made of the materiality of that witness' testimony. The court cannot be put in error for denying the continuance because of these absent witnesses. Ex parte Driver, 258 Ala. 233,

62 So.2d 241; Lutz v. Van Heynigen Brokerage Co., 202 Ala. 234, 80 So. 72.

■ So also, and governed by the same rule, there was no error in the refusal of the court to suspend the trial in order that witness Scott might obtain his books and records. The court indicated his consent to allow the books to be put in evidence if the witness should procure them before the trial was concluded. No gross abuse of discretion is shown in this ruling. Centennial Ice Co. v. Mitchell, 215 Ala. 688, 112 So. 239; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619.

■ There was likewise no error in permitting the plaintiff to give his estimate of the value of his real estate holdings. He was familiar with the property and testified that he knew the market value. This, prima facie, was sufficient to qualify him to testify. Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; American Ins. Co. of Newark, N. J. v. Fuller, 224 Ala. 387, 140 So. 555; 159 A.L.R. 30.

The other contentions for error with respect to rulings on the evidence may be disposed of by observing that either the rulings were correct or seasonable objections and exceptions were not taken.

■ We also entertain the view there was no error in denying the motion for a new trial based on newly discovered evidence. Without considering the question of diligence, the evidence proposed by the new witness, Shannon, added but little and would have been merely cumulative, since what he deposed was already in evidence in the form of the deed of conveyance to him from plaintiff, which fixed the date of the transfer. Collins v. State, 217 Ala. 212, 115 So. 223.

We come now to the evidence. The plaintiff was engaged in several businesses in Tuskegee, Alabama, to wit, the automobile business; a finance company and jewelry store in partnership with one Fincher; and a real estate development business in partnership with Shannon. In 1949 he fell into serious financial difficulties, had given a $2,000 bad check for the purchase of an automobile and was under

indictment for it in Montgomery County for false pretense (this case was finally disposed of by the imposition of a $50 fine). Defendant was in the secondhand automobile business in Montgomery and in the latter part of the year 1949 plaintiff came to him for help. On December 19, 1949, defendant took over plaintiff's automobile business, one of the considerations of which was the immediate furnishing to plaintiff the $2,000 to settle the criminal case in Montgomery, which was furnished. The business was incorporated with Roberson and his family owning the stock and McCarley being made the head salesman. In February, 1950, Roberson's bookkeeper discovered that McCarley had been retaining money from the sales of automobiles, whereupon Roberson consulted his attorney for advice. The attorney counseled him to take no criminal action then, but finally on Roberson's discovering more withholdings by McCarley the attorney did recommend criminal action, so on February 22, 1950, he swore out the three warrants for embezzlement against McCarley which are the bases of this suit. McCarley was bound over to the grand jury. The grand jury returned a true bill and the case was docketed for trial at the next term of the Macon County Circuit Court. When the case was called for trial Roberson was present to testify, but it was continued to the next term due to the absence of a material witness for the State. When the case was next called for trial, Roberson was not present and a nolle prosequi was entered. Roberson, however, was not subpoenaed or notified of the second setting of the case. Code 1940, Title 15, § 295. After the nol. pros. of the case this suit was instituted.

■ The evidence for the defendant was ample and credible to support his claim that the prosecutions were ingenuous and in good faith, but that for the plaintiff tended to show that the real motive for instituting the prosecutions was because McCarley had disobeyed instructions by using one of the company automobiles, had wrecked it and did not—perhaps could not—pay the bill for its repairs, and on his continued refusal to make good the bill, Roberson started

prosecution. The issues, therefore, of malice and probable cause were properly submitted to the jury and the general charge requested by the defendant was refused without error. Key v. Dozier, 252 Ala. 631, 42 So.2d 254; Fowlkes v. Lewis, 10 Ala. App. 543, 65 So. 724.

■ The question of whether the advice given by counsel should have exonerated the defendant was also properly submitted to the jury. Whether a complete and fair disclosure of the facts was made to the attorney, whether proper diligence was used in ascertaining those facts, and whether the advice was sought in order to act on it rather than on his own judgment or for other motives were (and usually are) questions of fact for the determination of the jury. Abingdon Mills v. Grogan, 175 Ala. 247, 57 So. 42.

■ Nor are we persuaded the court erred in refusing a new trial on the weight of the evidence. The evidence for the plaintiff, if believed, probably justified a verdict in some amount. The jury and the trial court were better advantaged than we to appraise the verity of the conflicting testimony and in view of the presumption attending the correctness of the ruling below in denying the new trial, we have reached the conclusion, after a strict scrutiny of the record, that we should not put the trial court in error for the stated ruling, although we are frank to say the evidence to support the verdict was somewhat flimsy. Birmingham Waterworks Co. v. Justice, 204 Ala. 547, 86 So. 389.

■ This brings us to a consideration of the excessiveness of the verdict. Whether damages awarded are excessive depends on the facts of the particular case. The plaintiff tried to make it appear that the cause of his financial calamities was the institution of these criminal prosecutions and the jury evidently accepted that theory, although the evidence rather preponderantly established that he was in dire financial straits in the latter part of 1949 and before the warrants were issued in February, 1950. His transfer of his automobile business to the defendant in December, 1949, so stated to the effect. "Whereas

the said McCarley has encountered serious financial difficulties in and about the operation of his said business," etc.; the transfer of his interest in the finance company and the jewelry store to his partner, Fincher, likewise imported as much, as well as that he was under suspicion for improper withdrawals from those businesses by the following recital in the contract: "Whereas Paul McCarley has made personal withdrawals from said businesses far in excess of his share therein" and that the transfer of McCarley's interest in the businesses to his partner was "not to be construed as a release of criminal liability." The plaintiff contended that he lost his interest in his real estate developments because of these criminal prosecutions but the weight of the evidence is to the contrary, since the transfers were made in 1949 several months prior to the issuance of the warrants. True, there was evidence that because of these criminal prosecutions the plaintiff was unable to procure a job in Macon County he had applied for and that probably his credit had been curtailed, but as to this latter there was rebuttal evidence that his credit had already been damaged prior to the issuance of the warrants. In sum, the evidence convinces the impartial mind that the plaintiff's injuries by reason of the issuance of the warrants was not to the extent of the sum awarded. His character and reputation had already been impugned and he had already lost most, if not all, his holdings. The general rule is that the amount awarded as damages must bear some reasonable relation to the injury sustained and even though there might be a small amount of actual damages to be awarded, the amount allowed as punitive damages should not be disproportionate thereto. Askin & Marine Co. v. King, 22 Ala.App. 452, 116 So. 804(4); 54 C.J.S., Malicious Prosecution, § 115, pages 1107–1108. We are, therefore, of the opinion that the judgment rendered was excessive to the extent of $2,500 for which a remittitur is ordered.

Affirmed conditionally.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.