Helen Cummings brought this action against Alabama Power Company for damages to her property allegedly caused by the collapse of an underground coal mine owned by the defendant. A jury awarded Cummings $35,000.00 in damages. Alabama Power Company appeals. We affirm.
Cummings's home sits above the Gorgas Mine, America # 3, in Walker County, Alabama. The mine is located 240 feet below the surface and was last worked in 1948. In May of 1979, Cummings first noticed cracks in her back porch. Soon afterward, cracks began to appear elsewhere in her home. Floors became unlevel, the chimney pulled away from the wall, the foundation began to separate from the house and doors ceased closing properly. The property around the house also began showing signs of distress. Depressions, or holes, began to appear in Cummings's yard.
The thrust of Alabama Power's argument on appeal was that Cummings had not met her burden of proof and, therefore, was not entitled to prevail. It makes three arguments in support of that position. *Page 101 
First, it contends that there was no evidence from which the jury could have found that its mine had, in fact, collapsed. Second, it argued that Cummings should not have been allowed to prove damages which occurred subsequent to the filing of her complaint. Third, it argued that Cummings's evidence as to the market value of her house before and after the damage had occurred should have been excluded.
 I.
The only testimony linking the defendant's operation of its mine to the damages incurred by Cummings was the testimony of Cummings's expert, a geologist named Stephen Jordan. Jordan is a professor at the University of Alabama at Birmingham. Jordan teaches geomorphology, the study of why the surface of the earth looks the way it does and the processes involved in making it look that way. He also teaches engineering geology, which involves a study of the construction of tunnels and other underground openings. Jordan observed the damage to Cummings's house and property and examined Alabama Power Company's map of the mine and the deposition given in this case by an Alabama Power Company safety engineer, Phil Douglas. Jordan testified that, based on his observations, the map, Douglas's deposition, and his knowledge of the various geological causes of such phenomena, it was his opinion that the collapse of Alabama Power Company's mine had caused the damage. On cross-examination Jordan conceded that his opinion was based solely on his observations of the surface and that, not having seen the collapse, he could not state, as a matter of fact, that the mine had collapsed. Alabama Power argued that since a jury's verdict cannot be based on speculation or conjecture,Thompson v. Lee, 439 So.2d 113 (Ala. 1983); McDowell McDowell, Inc. v. Barnett, 277 Ala. 302, 169 So.2d 324 (1964), the jury could not find that the mine had collapsed and had caused the damage.
We disagree. Jordan's opinion as to the cause of the land subsidence constituted competent evidence as to the cause of the injury. Land owners often must rely on circumstantial evidence to establish that the collapse of an underground mine caused damage to their property. Woodward Iron Co. v. Mumpower,248 Ala. 502, 506, 28 So.2d 625, 627 (1947); Woodward Iron Co.v. Earley, 247 Ala. 556, 558, 25 So.2d 267, 268 (1946). An Alabama Power Company mine safety engineer testified that he had no knowledge of the condition of the mine because it was inaccessible. Jordan enumerated the likely causes of land subsidence of the type which occurred on Cummings's land and explained why he had eliminated each of the probable causes other than mine collapse from his consideration in reaching his conclusion. A properly predicated opinion by a duly qualified expert constitutes evidence from which a finding can be made. See, e.g., Crawford Coal Co. v. Stephens, 382 So.2d 536, 539
(Ala. 1980).
 II.
Cummings first noticed the cracks in her porch in May of 1979. As time passed she began to notice other indications of damage. Doors would not shut properly; gaps appeared where none had previously existed. The damage continued to worsen as time passed. She filed her original complaint in March of 1980, well within the one year statute of limitations. Between the time the complaint was filed and the time the case was tried, she incurred additional damage. Immediately prior to the trial, Cummings amended her complaint to state a claim for the damage occurring subsequent to the filing of the original complaint. Alabama Power Company filed a motion in limine, seeking an order preventing the plaintiff from proving any damages that did not occur within one year prior to filing the suit. In support of its motion it relied on Sloss-Sheffield Steel IronCo. v. Sampson, 158 Ala. 590, 48 So. 493 (1909), and Garrett v.Raytheon Co., 368 So.2d 516 (Ala. 1979). During the trial the defendant objected to the introduction of any evidence as to damages incurred after *Page 102 
the complaint was filed and it moved to exclude that evidence from the jury's consideration. On appeal, it argues that the trial court erred in not excluding the evidence.
The rule Alabama Power Company relies on as a basis of its objection is inapposite to these facts. In actions such as this, the plaintiff's cause of action accrues, and the statute of limitations begins to run, when the defendant's negligence causes the damage complained of. The limitations period is one year. The plaintiff must, therefore, bring her action within one year of the date on which the damage occurred. The damage to Cummings's house first occurred in May of 1979. In order to bring an action for that damage, Cummings was required to file suit within one year, which she did. After she filed her complaint, she incurred additional damage. If she had failed to file her complaint until after May of 1980, she could not have recovered for damages she incurred in May of 1979. She could, however, have stated a cause of action for the later damage, so long as the damage was incurred within one year of the filing of the complaint. If Cummings had brought the action after May of 1980, but within one year of the subsequent damages, the rule relied on by the defendant would have been applicable. She would have been able to recover only those damages she incurred within one year prior to filing the complaint. That result would have been occasioned by the operation of the statute of limitations. That is, she would have been allowed to recover damages only for the injuries incurred within the period of the statute of limitations. Cummings did not wait until after May of 1980 to file her complaint, however. She filed the action in March. The defendant attempts to turn the rule on its head and apply it to damages incurred after the complaint was filed. There is no logical reason to do so. All of the damages claimed occurred within the limitations period.
Alabama Power Company makes a second argument regarding the damages which occurred after the complaint was filed. It points out that amendment of a complaint to set forth occurrences which happened after the complaint was filed is governed by Rule 15 (d), A.R.Civ.P. Alabama Power Company argues that notice must be given and leave of court obtained before filing such an amendment. See Committee Comments to Rule 15 (d), A.R.Civ.P. Since the plaintiff failed to give it notice and failed to obtain leave of court before filing the amendment, Alabama Power Company argues that its objections to the introduction of testimony regarding damage which was incurred after the complaint was filed should have been sustained.
If Alabama Power Company was unprepared to defend against a claim of damages which occurred subsequent to March of 1980 because of the plaintiff's failure to notify it prior to filing the amendment, that ground should have been stated at trial. Instead, the only issue raised was the one previously discussed. The error, if any, was not properly preserved for review.
 III.
Finally, Alabama Power Company argues that Cummings should not have been allowed to testify as to her opinion of the before and after value of the property. Alabama Power argues that Cummings's opinion as to the value of the property was based only on the current selling prices of other houses. Therefore, it argues that she had no experience enabling her to know the value of the property and that its objections to her testimony should have been sustained.
The record does not support the power company's contention. The record shows that Cummings testified that in her opinion her house was worth $60,000.00 before the house began to fall apart and that it was worth $1,000.00 afterwards. This constituted before and after value. The general rule is that the owner of real estate is competent to testify as to its *Page 103 
value. Roberson v. McCarley, 259 Ala. 583, 585, 67 So.2d 814,816 (1953); Alabama Great Southern R. Co. v. Russell,35 Ala. App. 345, 350, 48 So.2d 239, 244 (1949). It is undisputed that Cummings owned the property and, by virtue of the fact that she lived on it, was familiar with it. She was, therefore, competent to testify as to her property's damage.
Cummings filed a motion for damages pursuant to Rule 38, A.R.A.P., for filing a frivolous appeal. The motion is denied. The decision of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.