ALMON, Justice.
This is an action for commissions and severance pay due under a commission sales contract. The trial court awarded plaintiff $23,294.88 plus interest and costs. Appellant’s brief simply argues the facts without attempting to point to any error committed by the trial court. In effect, the issue is whether there was sufficient evidence to support the judgment.
On December 2, 1982, Allen Bodner entered into a commission sales contract with Weiss Lake Egg Company, Inc. The written contract called for Bodner to use his best efforts and devote his full time to the pursuit of sales of eggs for Weiss Lake. The contract called for a variable commission: ¾$ per dozen eggs sold to former customers of Bodner & Son Egg Farm, V2$ per dozen sold to new customers, and Víc per dozen sold to Weiss Lake’s existing customers. The contract provided that Weiss Lake could terminate Bodner’s employment under certain conditions, in which case he would be due severance pay equal to the previous three months’ commissions.
Beginning in April 1983, the parties made a series of oral modifications of the contract, essentially reducing Bodner’s commissions. The dispute at trial was whether these modifications amounted to an agreement for reductions of the rate at which Bodner was to be paid or an agreement that Bodner would accept partial payment until the company became profitable again. Weiss Lake terminated Bodner’s employment in November 1983 and refused to give him severance pay.
In support of the trial court’s judgment awarding back commissions and severance pay, we need only note that the evidence was presented ore tenus before the trial judge. In such a case, the findings of the trial judge will be given a strong presumption of correctness when based upon competent evidence and will not be disturbed on appeal unless clearly erroneous or manifestly unjust. Ross v. Luton, 456 So.2d 249 (Ala.1984); Ex parte Harrington, 450 So.2d 99 (Ala.1984); Chaffin v. Hall, 439 So.2d 67 (Ala.1983)
Bodner’s testimony included evidence which would support the trial court’s judgment. Weiss Lake put on conflicting evidence, but not of such a nature as to make the trial court’s judgment clearly erroneous or manifestly unjust. Weiss Lake has not overcome the presumption in favor of the trial court’s judgment.
Bodner states in his brief that his Exhibit 2 showed that in July 1983 Weiss Lake paid him $1000, denominated “Paid on back commission,” and that Weiss Lake continued to calculate his commissions at the written contract rate and then applied a percentage rate to reduce them to the amounts agreed to in the oral modifications. The record includes only the first page of this exhibit, and also includes only the first page of Defendant’s Exhibit A, *578 Weiss Lake’s ledgers. These first pages do not include the entries at issue. We need not presume that the court considered such alleged evidence in arriving at its judgment because, as noted above, the testimony of record supports the trial court’s findings and judgment. Certainly Weiss Lake has pointed to nothing in the record before us sufficient to put the trial court in error.
Weiss Lake argues that Bodner padded his accounts and breached his non-competition agreement both before and after his termination. These issues properly relate to Weiss Lake’s counterclaim, which is still pending in the court below. The trial court entered a Rule 54(b), A.R.Civ.P., order of finality in regard to the instant judgment after this Court issued a remand under the principles of Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). The above discussion is sufficient to resolve the issues presented in this appeal.
Bodner has filed a motion under Rule 38, A.R.A.P., for assessment of damages against Weiss Lake for bringing a frivolous appeal. While we think that Weiss Lake was ill-advised to file the premature notice of appeal which ultimately led to separation for purposes of .review of the issues raised in the complaint from those raised in the counterclaim, and that it gave little consideration to the nature of appellate review of factual determinations, the dispute is substantial enough that, in the exercise of the discretion vested in this Court under Rule 38, we do not find that this is an appropriate case for the assessment of damages for bringing a frivolous appeal. See Alabama Power Co. v. Cummings, 466 So.2d 99 (Ala.1985); McAnnally v. Levco, Inc., 456 So.2d 66 (Ala.1984); Dethlefs v. Etnire, 387 So.2d 201 (Ala.1980); City of Birmingham v. Wright, 379 So.2d 1264 (Ala.1980).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEAT-TY and HOUSTON, JJ., concur.