[Birmingham Railway, Light & Power Co. v. Oldham.]

# Birmingham Railway, Light & Power Co. *v*. Oldham.

*Action against Street Railway to recovery Damages for Personal Injuries.*

1.  *Street railway; duty of person crossing tracks in street*—A pedestrian in crossing the track of a street railway at a street crossing, is required to exercise such care for the avoidance of injury as a reasonably prudent person would do under the circumstances; and it is the duty of a pedestrian to look and listen for approaching cars before crossing street railway tracks, and this duty is incumbent upon a person alighting from a car on one track, and crossing or attempting to cross an adjoining track; and the failure of such pedestrian or person to discharge this duty, makes him guilty of negligence, which prevents his recovery for being run over or injured by a collision with a street car at such point, by reason of the simple negligence of the street car company or its employees.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This action was brought by the appellee, John S. Oldham, against the Birmingham Railway, Light & Power Company, to recover damages for personal injuries sustained by the plaintiff.

The complaint contains eight counts. The 1st, 4th, 5th and 6th counts charge the defendant with simple negligence, while the 3rd, 7th and 8th counts charge the defendant with wilfulness or wantonness. The defendant pleaded the general issue and several special pleas, setting up contributory negligence of the plaintiff. The court sustained a demurrer to the pleas of contributory negligence in so far as they purported to be an answer to the counts of the complaint charging wantonness and wilfulness. The facts of the case are sufficiently stated in the opinion,

The defendant requested, among other charges, the general affirmative charges in its behalf, and separately excepted to the court's refusal to give said charge as asked.

There were verdict and judgment for plaintiff assessing his damages at $5,000.00. The defendant appeals and assigns as error the several rulings of the court, to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellants.—The law is that one approaching a street car track to cross it, upon which electric cars are operated in the streets of a city, must stop, look and listen for approaching cars, and that if he fails to do so, as matter of law, he is guilty of contributory negligence and cannot recover on counts charging simple negligence only. In support of this proposition, we cite the following authorities:—*Cowdan v. Shreveport Belt Ry.*, 30 So. Rep. page 747; *Hurley v. West End Street Ry. Co.*, 62 N. E. Rep. 263; *Merritt v. Foote*, 87 N. W. Rep. page 262; *Martin v. Third Ave. Ry. Co.*, 50 N. Y. Supplement 284; *Carson v. R. R. Co.*, (Pa.) 23 Atlantic, 369; *Ward v. Ry. Co.*, 17 N. Y. Supplement 427; *Mclyu v. Con. St. Ry. Co.*, 60 N. W. Rep. 293; *Scott v. Third Ave. Ry. Co.*, 16 N. Y. Supp. 350; *Wheelhan v. Phila. Tr. Co.*, 24 Atl. Rep. 688; *Christensen v. Union Trunk Co.*, 32 Pac. Rep. 1018; *Highland Ave. & Belt R. R. Co. v. Maddox*, 13 S. Rep. 615; *Deek v. N. O. City Lake R. R. Co.*, (La.) 25 S. Rep. 71; *Farrar v. N. O. & Carr. R. R. Co.* (La.) 26 S. Rep. 995; *Brady v. Con. Tr. Co.*, (N. J.) 45 Atl. Rep. 805; *Canelio v. N. O. & Car. R. R.*, 28 S. Rep. 287; *Bennett v. Detroit Citz. St. Ry.*, 82 N. W. Rep. 518; *Hickman v. Nassau El. R. R. Co.*, (N. Y.) 56 N. Y. Supp. 751 *Kelley v. Wakefield & Stineman St. Ry. Co.* (Mass.) 56 N. E. R. 285; *Kern v. 2nd Ave. Tr. Co.*, 45 Atl. 125; *Burk v. Union Tr. Co.*, 48 Atl. 470; *Doherty v. Detroit Citz. St. Ry. Co.*, 76 N. W. 377; *McGraff v. North Jersey St. Ry. Co.*, (N. J.) 49 Atl. 523.

BANKS & SELHEIMER, *contra.*—The following well considered cases and authorities to which we ask the court's attention, clearly support the contention of appellee that failure to look and listen before attempting to cross the tracks of an electric street railway in a public street, is not negligence as a matter of law, under

all circumstances:—*Consolidated Traction Co. v. Scott,* 58 N. J. L. 682; 34 Atl. Rep. 1094; *Robbins v. Springfield St. Ry. Co.,* 165 Mass. 30; 42 N. E. Rep. 334; *Chicago City Ry. Co. v. Robinson,* (Ill.) 18 N. E. Rep. 772; *Cincinnati St. Ry. Co. v. Snell (Ohio),* 32 L. R. A. 276; *Evansville St. Ry. Co. v. Gentry (Ind.),* 37 L. R. A. 378; *Dobert v. Troy City Ry. Co.,* 36 N. Y. Supp. 105; *Pyne v. Broadway etc. Ry. Co.,* 19 N. Y. Supp. 217; *Moebus v. Herman,* 108 N. Y. 349; *Shea v. St. Paul Ry. Co. (Minn.),* 52 N. W. 902; *Smith v. Union Trunk Line (Wash.),* 45 L. R. A. 169; *North Baltimore Ry. Co. v. Arnveich,* 78 Md. 589; 28 Atl. Rep. 809; *Roberts v. Spokane St. Ry. Co. (Wash.),* 54 L. R. A. 184; *Omaha St. Ry. Co. v. Lochneison,* 40 Neb. 37; *Swain v. Fourteenth St. Ry. Co.,* 93 Cal. 179; *Cook v. Los Angeles etc. Ry. Co.,* 134 Cal. 279; *Driscall v. Market St. Ry. Co.,* 97 Cal. 555; *Hall v. Ogden City St. Ry. Co.,* 13 Utah, 243; *Thompson v. Salt Lake Rapid Transit Co. (Utah),* 40 L. R. A. 172; *Solen v. Virginia & T. R. Co.,* 13 Nev. 106; *Lawler v. Ry. Co.,* 72 Conn. 74; *Warren v. Ry. Co.,* 95 Me. 115; *Railway Co. v. Rifcowitz,* 89 Md. 338; *Patterson Ry. Acc. Law,* 168-9—notes; Beach Cont. Neg. Sec. 290; Thompson on Neg. 396, note.

SHARPE, J.—In this suit recovery is sought for injuries resulting to the plaintiff from his being run against by a street car operated by defendant on Eighth Avenue in the city of Birmingham. Where the accident occurred there were two car tracks about six feet apart running parallel with each other, eastward and westward. The cars were moved by electricity. Plaintiff had ridden westward along the north track, and having, in going from 16th to 15th street, passed an east bound car, he, near the west line of 15th street, stepped from the north side of his car, walked around behind it and as it was moving away, was about to go upon the south track when he was struck and injured by a car going eastward on that track.

On these lines there was in force, at the time of the accident, the following rules: "When a car has stopped on double track or a siding to let passengers on or off,

cars approaching in the opposite direction must stop. Passengers are liable to get off the car and walk across the other track in front of car approaching in opposite direction." "Ring the alarm bell approaching and going around curves and before crossing street, and to signal wagons and other vehicles to clear the track."

Respecting plaintiff's conduct on that occasion, the evidence is undisputed, and as appearing from his own testimony, it shows that plaintiff did not after alighting from his car, make any effort by looking, listening, or otherwise to ascertain whether he could go upon the south track with safety. In testifying he said, among other things: "I paid no attention to whether a car was coming from the direction of my right or not. I did not look to the right or left, either. I didn't know how the cars moved on those tracks. I wasn't acquainted with the cars. I hadn't paid any attention to whether cars moving on parallel tracks went away to the right at that time. I do not know it now. I did not know how they ran. I did not heed that at all."

At street crossings pedestrians and street car operators have equal rights of passage, but each of them is presumed to know of the danger incident to the crossing by the former of tracks whereon cars are operated, and upon each is incumbent the duty of exercising such care for the avoidance of injury as a reasonable, prudent person would use under the circumstances. In Booth on Street Railways, § 312, it is well said: "It is manifestly dangerous for a pedestrian about to cross a street railway to omit to use his senses before stepping upon the track to ascertain whether a car is approaching, unless he can rely upon some well known custom or regulation at crossings which renders such precaution unnecessary. * * * * The doctrine which seems to be supported by authority and reason is, that it is presumptively negligent on the part of the pedestrian to attempt to cross the track without looking or listening, when if he had looked and listened he could have discovered the approach of the car in ample time to avoid injury." In Nellis on Surface Railroads, 365, et seq., it is said with reference to the act of crossing street railways, that

"there is always the duty to look for an approaching car, and, if the street is obstructed, to listen, and in some instances, to stop, and a plaintiff must be held to have seen that which was obvious. A diversion of attention, generally speaking, will not excuse the performance of this duty, neither will misconduct on the part of the railway company." In 27 Am. & Eng. Ency. Law, page 81-2, after reference made to authorities between which there is some lack of harmony it is stated that "the general rule undoubtedly is that it is the duty of the pedestrian to look and listen for approaching cars before crossing street railway tracks; and the rule has been applied when a person alighting from a car on one track crossed an adjoining track without looking," etc.

In the circumstances attending this accident there was nothing to absolve the plaintiff from the duty of looking to see that the south track was clear. The car from which he alighted had, before the accident, gone between him and the approaching car, and the passing of another eastbound car several hundred feet ahead of the one that struck plaintiff, did not justify him in assuming the track would be clear when he attempted to cross it. To what extent he might have relied upon a custom of defendant to stop its cars where other cars were discharging passengers or to signal before running upon a crossing, is not in question, for there is no evidence to show that the rules upon those subjects were customarily observed, or that plaintiff acted in reliance upon or even with knowledge of them. Those rules were apparently to enjoin caution upon those operating cars, and their mere existence did not abate the caution which in their absence would have been enjoined by common prudence upon other persons.

The evidence leads to the certain conclusion that in heedlessly placing himself in the path of the car that struck him, plaintiff was so lacking in the observance of due care as to make him, in a legal sense, guilty of negligence, and that such negligent conduct on his part contributed proximately to his injury. Therefore, the charges requested by defendant which negative the right of recovery under counts of the complaint based on

mere negligence of defendant should have been given.

In the record there is evidence tending to show the car that injured plaintiff, was at the time of the accident, being run at a speed of from 15 to 20 miles per hour; that no signal was given of the approach to 15th street crossing and no effort was made to warn plaintiff of its approach, or to check the car before he was stricken. From this phase of the evidence inferences might have been drawn in support of counts in the complaint which attribute the injury to wilfulness, wantonness or intention. This, however, is opposed by other evidence which, if true, should prevent recovery under the last mentioned counts. To here state reasons favoring either of such results might unduly influence another trial and such statement will, therefore, be pretermitted.

What has been said disposes of the questions argued in briefs. Assignments of error not insisted on are treated as waived.

Reversed and remanded.