# United States Cast Iron Pipe & F. Co. v. Granger.

### Injury to Employe.

(Decided June 10, 1909.   Rehearing denied June 30, 1909.
50 South. 159.)

1. *Master and Servant; Injury to Servant; Plea.*—As an answer to an action for personal injury a plea alleging that the injury occurred while plaintiff negligently occupied a position of danger, is defective if it fails to allege that there was a safer way in which plaintiff could have discharged his duty; such a plea should also allege that plaintiff was aware of the danger of the position occupied by him.

2. *Appeal and Error; Harmless Error; Evidence.*—Where a question calls merely for the repetition of what the witness has just stated, it is harmless error to overrule it.

3. *Same.*—Where a witness subsequently answered a question the error in sustaining an objection thereto originally was without injury.

4. *Evidence; Opinion Evidence.*—A witness may not testify that a person knew all about a certain business, since that was a question for the jury to determine from the facts shown.

5. *Same.*—A witness may testify as to whether a hook like the one in question could get out of fix.

6. *Same; Conclusion of Witness.*—A witness may not state what he would do with reference to certain appliances by which work was done.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by John Granger against the United States Cast Iron, Pipe & Foundry Company, for personal injuries. From the judgment for plaintiff, defendant appeals. Reversed and remanded.

The following pleas were filed by defendant: (2) "The plaintiff himself was guilty of negligence which proximately caused or contributed to cause his alleged injuries, in that he negligently occupied a position of danger under or near said crane." (3) Same as 2, down and including the words "said crane," and adds: "By which core bars were being hoisted, and where a core bar was likely to strike him if one should fall while being hoisted, and while negligently occupying said position a core bar fell while being hoisted and struck the plaintiff, whereby he was injured." (4) "The plaintiff is guilty of negligence which proximately caused or contributed to cause his alleged injuries, in that he negligently occupied a position under said crane when he knew that the core bars or other objects which were being hoisted would be likely to slip or fall, and were likely to strike him if they should fall." (5) "The plaintiff himself was guilty of negligence which proximately caused or contributed to cause his alleged injuries, in that he negligently occupied a position of danger under or near the said crane, when there was obviously a safer way for him to do his work which he was employed to do, by taking a position out of the path of said crane and at a point where objects falling could not strike him.'"

WEATHERLY & STOKELEY, for appellant. The 2nd, 3rd, 4th and 5th pleas come up to the requirements of the Code.—Sec. 3296, Code 1896; *M. & C. R. R. Co. v. Graham,* 94 Ala. 545, and authorities cited. The court erred in sustaining plaintiff's objection to the question to witness Chillison, "You thought it was all right?"

The court erred in refusing to allow the defendant to ask certain questions of this same witness as to plaintiff's knowledge of the business.—*Southern Car & F. Co. v. Bartlett,* 137 Ala. 234. Counsel discuss other assignments of error relative to evidence, but without further citation of authority. The court erred in giving the affirmative charge for appellee, and in refusing like charge to appellant.—1 Labatt, sec. 414; 2 Labatt, sec. 670; 72 Ill. 138; 97 Am. Dec. 240; *M. & C. R. R. Co. v. Graham, supra; Pioneer M. & M. Co. v. Thomas,* 133 Ala. 279; *Bir. F. & M. Co. v. Gross,* 97 Ala. 220; *Bir. R. M. Co. v. Rockhold,* 143 Ala. 115.

FRANK S. WHITE & SONS, for appellee. The court did not err in permitting the witness Veitch to state whether or not a hook like the one in question got out of fix at once.—*Buckalew v. Tenn. Co.,* 112 Ala. 146; *Birm. F. & M. Co. v. Gross,* 97 Ala. 220; *Ala. S. & W. Co. v. Wrenn,* 136 Ala. 484; *Williamson I. Co. v. McQueen,* 144 Ala. 265; *Tutwiler C. C. & I. Co. v. Farrington,* 144 Ala. 157. The court under the evidence properly gave the affirmative charge for the plaintiff.—*Fountain v. Ware,* 56 Ala. 558; *Ala. G. L. I. Co. v. Mobile Co.,* 81 Ala. 331. Counsel cite a number of cases showing that the doctrine of res ipsa loquiter applies.

SIMPSON, J.—This action, by the appellee against the appellant, is for damages on account of a personal injury received by the plaintiff while in the employment of the defendant.

The first insistence of the appellant is that the court erred (as set out in the third, fourth, and fifth assignments of error), in sustaining plaintiff's demurrers to the second, third, fourth, and fifth pleas. The first and second counts of the complaint were eliminated by

charge of the court. The claim of the complaint is that, while the plaintiff was engaged in the duties of his employment, a "core bar," which was being moved by a crane, fell on him. Both counts are based on subdivision 1 of section 1749 of the Code of 1896, and the defect alleged in the third count is that: "A hook at the end of a chain which was attached to a crane, used in said work, and which was placed around the end of said core bar for the purpose of removing it, had become defective or had spread, which caused the hook to slip off of the chain around or over which it was hooked, thereby proximately causing the core bar to fall upon plaintiff." The fourth count is the same, except that it is alleged that sail hook "spread or otherwise broke loose from the chain."

Pleas 2, 3, and 4, were subject to the demurrer, because they failed to allege that there was any safer way in which the plaintiff could discharge his duty.— *M. & C. R. R. Co. v. Graham,* 94 Ala. 545, 553, 10 South. 283.

Plea 5 was subject to the demurrer, because it did not allege or show that the plaintiff was aware of the danger of the position occupied by him.—*Ala. G. S. R. R. Co. v. Brooks' Adm'x,* 135 Ala. 401, 406, 33 South. 181; *K. C. M. & B. R. R. v. Burton,* 97 Ala. 241, 255, 12 South. 88; *L. & N. R. R. v. Orr,* 91 Ala. 548, 554, 8 South. 360.

If there was error in sustaining the objection to the question to the witness Chillison, "You thought it was all right?" it was without injury. The question called merely for the repetition of what the witness had just said, to wit, "I didn't know there was any danger in it."

There was no error in sustaining the objections to the questions to the witness Chillison, on cross-examination, "Knew all about the business, didn't he?" and "He was pretty familiar with everything around there, was he

not?" The witness should testify as to facts, and not to the mental operations of the plaintiff. It was for the jury to find, from the facts, whether or not the plaintiff knew all about the business, etc.—*Bailey v. State,* 107 Ala. 151, 18 South, 234; *Central of Ga. Ry. v. Martin,* 138 Ala. 533, 547, 36 South. 426.

There was no error in allowing the question to the witness Veitch, as to whether a hook like that can get out of fix at one time, etc.

There was no error in sustaining the objection to the question to the same witness, on cross-examination: "Do you mean to tell that jury that you would trust the whole business of seeing that the chain and hook, by which this work was done, was in proper condition, and you would turn your back on it, and never pay any more attention to it, from that time on?" It was not shown that the witness prescribed the duties of the "shakeouts," and it was irrelevant what he would do. Besides, the witness practically answered the question, in so far as it was not abstract, by saying it that it was his duty "to leave the matter of looking after the chains and hooks, and its being in repair, entirely to the 'shakeout.'" Also, he subsequently answered the question further.

From the evidence the court could not say, as a matter of law, whether the hook was in a defective condition before the accident, or whether it was defective by reason of the negligence of some one intrusted with seeing that it was in proper condition. It was a question for the jury to determine as to what caused the core bar to fall, and as to whether the hook slipped because it had previously "spread," or whether it spread at the time of the accident.

Consequently the court erred in giving the general charge in favor of the plaintiff.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.

