# Birmingham Railway, Light & Power Co. *v.* Yates.

*Damage for Injury to Passenger.*

(Decided Dec. 1, 1910.  53 South. 915.)

1. *Carriers; Passengers; Duty.*—The duty is upon the carrier to use a high degree of care to avoid injury to passengers from whatever source under the carrier's control.

2. *Same; Negligence; Complaint.*—A complaint alleging the relation of carrier and passenger, that the conductor ordered plaintiff

[Birmingham Railway, Light & Power Co. v. Yates.]

from a safe place on a car, and that in attempting to comply with the order, and while plaintiff was standing on the rear platform, the conductor negligently increased the speed of the car, causing the same to make a sudden or severe jerk or motion, directly causing plaintiff to be thrown to the ground and injured, sufficiently shows a breach of duty and a consequent injury.

3. *Same; Contributory Negligence.*—The fact that a passenger unnecessarily and negligently left a place of safety on a car and walked to the rear platform while the car was moving so rapidly as to make his position highly and obviously dangerous to one of ordinary prudence, and when it was manifest that he would probably fall from the car, and as a proximate consequence of such attempt plaintiff fell from the car and was injured, is a good defense, to a claim for damages, and a plea so stating is sufficient.

4. *Same.*—Where the complaint alleges that the conductor was negligent in causing a sudden jerk or jar of the car or causing it to move at a negligently high rate of speed, there could be no recovery if the speed was increased or the jar was caused by an act of the motorman without any signal or co-operation of the conductor.

5. *Same; Complaint.*—Where the complaint alleges injury to a passenger "by the servants or agents, the conductor who was in charge of said train, acting within the general line of his employment," in ordering plaintiff from a safe place in a forward car to the rear car, and that while attempting to comply with the order and while on the rear platform of the first car, plaintiff was thrown to the ground by a sudden jerking of the train, negligently caused "by the servants in charge of the train" such complaint cannot be construed as charging negligence to anyone except the conductor.

6. *Same; Jury Question.*—The evidence in this case stated and examined and held to require a submission to the jury of the question as to whether the conductor was negligent towards the passenger who was thrown from the car.

7. *Same; Instructions.*—Where the action was for injury alleged to have been caused in attempting to obey a negligent order of the conductor charges asserting that although the conductor of the defendant carrier told plaintiff to take a seat in the rear car, the plaintiff was not required to do so immediately or until safe to do so, and the conductor could assume in the absence of notice to the contrary, that plaintiff would not attempt to go if manifestly dangerous to a man of ordinary prudence, are properly refused as being argumentative.

8. *Negligence; Contributory Negligence; Denial of Negligence.*—A plea of contributory negligence need not deny the negligence charged by the plaintiff, but may even expressly admit it, and hence, a plea of contributory negligence interposed to a complaint for negligent injury is not open to demurrer for failing to deny the negligence charged in the complaint.

9. *Pleading: Pleas; Sufficiency.*—If a plea otherwise sets up facts constituting a complete defense to a complaint the fact that it or some part of it directly or inferentially denies, or fails to deny, some part of the complaint, does not render the plea bad.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by J. P. Yates, pro ami, against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 2 was as follows: "Plaintiff claims of defendant the further sum of $10,000 as damages, for that heretofore, on, to wit, the 20th day of July, 1904, the said defendant was operating an electric railway in Jefferson county, Alabama, between Birmingham and Owenton, in said county, and was a common carrier of passengers for hire between said points, and on the night of said day plaintiff became and was a passenger on a train consisting of two cars operated by defendant on said railroad, and occupied a safe position in a seat in the forward car in said train, and while he was a passenger as aforesaid and occupying a safe position in a seat in said car, the said defendant, by and through its servants or agents, the conductor who was in charge of said train, acting within the general line of his employment, ordered and caused plaintiff to leave the car in which he was riding and go to the rear car of said train. And plaintiff avers that he attempted to obey said order, and went to the rear platform of said car, and went to the rear platform of said car, and, finding there no safe way to reach said car, started to return to the interior of the forward car, and while he was still on said platform, and in the act of returning to the interior of said car, the defendant, by and through its servants or agents in charge of said train, negligently and suddenly increased the speed of said train, or caused the same to make a sudden and severe jerk or motion, and as a proximate consequence thereof plaintiff was thrown from said train to the ground, and his left arm was thereby broken. (Here follows catalogue of the injuries.)"

[Birmingham Railway, Light & Power Co. v. Yates.]

The following is plea 7: "Plaintiff was himself guilty of negligence, which proximately contributed to his injury, in this: He negligently left a place of safety in said car without any necessity therefor, and negligently walked to the back platform of said car, while the car was moving so rapidly as to make the undertaking highly and obviously dangerous to a man of ordinary prudence, and when it was manifest that the attempt would probably cause him to fall upon said car and receive serious personal injuries, all of which plaintiff knew, and as a proximate consequence of said attempt did fall from said car and was injured."

Charge 8 is set out in the opinion. Charges 6 and 7 are as follows: (6) "If you believe from the evidence that the conductor told the plaintiff to take a seat in the rear car, but that plaintiff was not told or required to do so until the undertaking would be free from danger, then I charge you that the conductor had the right to presume, in the absence of notice to the contrary, that the plaintiff would not attempt to do so, if that attempt at the time was manifestly dangerous to a man of ordinary prudence." (7) "I charge you that if you believe from the evidence that the conductor told the plaintiff to take a seat in the rear car, but did not require the plaintiff to do so immediately, then the conductor had the right to presume, in the absence of notice to the contrary, that the plaintiff would not attempt to do so under circumstances rendering the attempt dangerous, when it could with the conductor's given permission and without inconvenience be done with safety."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. Count 2 is defective in two particulars, both of which were pointed out by demurrers.—*M. & L. Ry. Co. v. Bell*, 153 Ala. 9; *B. R. L. & P. Co. v.*

*Parker,* 47 So. 138; *B. R. L. & P. Co. v. Weathers,* 51 So. 303. The court erred in sustaining demurrers to the 7th plea.—*C. of Ga. v. Carlton,* 51 So. 27, and authorities there cited. The court erred in refusing charge 8, and 3.—*M. & L. Ry. v. Bell,* 148 Ala. 90. Counsel discuss other assignments of error relative to charges refused, but without citation of authority.

HAMILTON & CRUMPTON, and JERE C. KING, for appellee. The 2nd count was not subject to the demurrers interposed.—*C. of Ga. v. Freeman,* 134 Ala. 354; *H. A. & B. R. R. Co. v. Miller,* 120 Ala. 543. Counsel call attention to what they deemed a failure of the record to show that the demurrers were filed to the complaint as amended, and that this point is not so presented, and that the court will presume that the demurrers were not re-interposed. They insist that plea 7 was insufficient and that no error was committed in sustaining demurrer thereto.—*L. & N. v. Bargainer,* 168 Ala.; *Shank's Case,* 129 Ala. 501; *Hasting's Case,* 138 Ala. 432; *Watkin's Case,* 120 Ala. 151; *Jones' Case,* 121 Ala. 120; *Clay's Case,* 108 Ala. 237. In any event, defendant had the benefit of said plea under other pleas.—*A. G. S. v. Hanbury,* 161 Ala. 372. Counsel discuss the charges given and refused and insist that there was no error committed.

MAYFIELD, J.—Appellee sued appellant to recover damages for personal injuries sustained through being thrown from one of appellant's electric street cars while he was a passenger thereon. The negligence alleged is that the conductor ordered plaintiff from a safe place on the car to an unsafe place, and in that, while plaintiff was passing from one place to the other or while in the latter place, the appellant, "by and through its servant or agent" in charge of said train (alleged to have

been the conductor), negligently increased the speed of the train, or caused the same to make a sudden and severe jerk or motion.

It is insisted by appellant that its demurrer should have been sustained to the second count of the complaint, for that said count failed to properly allege or to show that appellant was guilty of any actional negligence in causing the sudden jerk or lurch of the train; that the latter alternative as to the jerk or lurch of the car is insufficient, and therefore renders the whole count bad. We cannot agree to this conclusion. It is the duty of a common carrier to exercise a very high degree of care and caution, to the end of so operating their cars or carriages that injuries to passengers from sudden jerks, jars, or lurches, may be avoided.—Hutchinson on Carriers, § 924.

Count 2 alleged the relation of carrier and passenger, and sufficiently showed a breach of the duty owed by the former to the latter, and injury in consequence thereof; and was therefore sufficient. The count is distinguishable from the counts considered in the cases of *Mobile Co. v. Bell,* 153 Ala. 90, 45 South. 56; *Birmingham Co. v. Parker,* 156 Ala. 251, 47 South. 138, and *Birmingham Co. v. Weathers,* 164 Ala. 23, 51 South. 303. The count was sufficient under the rules announced in the cases of *Central of Georgia Railway Co. v. Freeman,* 134 Ala. 354, 32 South. 778 and *Highland Co. v. Miller,* 120 Ala. 543, 24 South. 955.

Plea 7 set up a good defense to the entire complaint and to each count thereof. It set up or alleged facts which, if true, affirmatively showed that plaintiff was guilty of contributory negligence, and that such negligence proximately contributed to his injury. It was not subject to any of the grounds of demurrer interposed, and the court erred in sustaining the demurrer thereto.

[Birmingham Railway, Light & Power Co. v. Yates.]

It was not necessary for it to deny the negligence alleged in the complaint, as is insisted by appellee; because it was a plea of contributory negligence, which may be sufficient though it expressly admit the negligence alleged, if it sufficiently shows that plaintiff was also guilty of contributory negligence, and that his own negligence proximately contributed to his injury. A plea of contributory negligence usually admits that the defendant was negligent, otherwise, there is no necessity for pleading it. If defendant was not guilty of negligence there was no necessity or occasion to plead contributory negligence. Nor does the fact that the plea or some part of it may, directly or inferentially, deny or fail to deny some part of the complaint, make it bad, if it otherwise sets up facts and matters which are of themselves a complete defense to the action. The plea clearly imputes to plaintiff a negligent and dangerous act, which is alleged to have proximately contributed to his injury. The plea does not have to depend upon the word "negligent" for its sufficiency; the acts alleged were, in themselves, both negligent and dangerous, or, to speak more accurately, were negligent because they were dangerous. The plea also alleges that plaintiff was aware of the danger, and that his acts were highly and obviously dangerous, and that it was manifest that his acts alleged would probably cause him to fall.

The court also erred in refusing charge 8, which was as follows: "If you believe from the evidence that the speed of the car was suddenly increased, or the car was suddenly jerked or moved by the motorman of the car without any signal or co-operation by the conductor, then you cannot find for the plaintiff under the second count of the complaint."

The second count relied solely upon the negligence of the conductor, and it is alleged that he caused the sud-

·den jerk or jar or fast speed of the car, which caused the injury; and if the evidence failed to show that he was guilty of the negligence alleged in and by the count, of course a verdict for plaintiff, under that count, should not have been returned. This was the substance and effect of the charge. The count alleged negligence of the conductor as the cause of the injury, and of course the proof must correspond with the allegation. It was not sufficient to show negligence of the motorman alone, because there was no allegation in count 2 to support such proof. We do not mean to say that the proof showed negligence on the part of the motorman, but that even it it did the charge was proper, as it was likewise whether the evidence did or did not tend to show negligence on the part of the conductor. The charge properly submitted that question to the jury.

We do not think that count 2 is susceptible of the construction that it alleged negligence as to any one except the conductor, as is alleged by appellee. It ascribed the negligence, both in giving the order and in the movement of the car, to the conductor and to him alone.

Charges 6 and 7 were properly refused, because argumentative, if for no other reason.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.