# Ross, as Receiver, *v.* Brannon.

### Crossing Accident.

(Decided December 7, 1916. 73 South. 439.)

1. **Street Railroads; Crossing Accident; Contributory Negligence.**— Where a traveler on a street over which a street railway is operated, misjudges the speed of a street car approaching, or his own ability to cross before it reaches the point of crossing, and makes the attempt and is injured, he is guilty of negligence barring recovery for any initial negligence of the operator of the car, unless such operator is guilty of negligence after discovering the traveler's peril, which negligence proximately caused the injury.

[Ross, as Receiver, v. Brannon.]

2. **Same; Collision; Stop, Look and Listen.**—A traveler on a public street over which street cars are operated has the duty to look for approaching cars, and, if the street is obstructed, to listen, and in some instances, to stop.

3. **Same; Contributory Negligence.**—Where a traveler in an automobile approaches a street railway at such a rate of speed that he could not stop in time to avoid an approaching street car, and attempts to beat the street car over the crossing at the point towards which he was moving, he is guilty of contributory negligence not only in attempting to cross in front of a car, but also in approaching at an excessive speed.

4. **Same; Collision; Subsequent Negligence.**—Where a count in the complaint charges negligence in a general way, plaintiff can introduce evidence of subsequent negligence after the operator of the car became aware of plaintiff's peril.

5. **Same; Affirmative Instruction.**—If there was any evidence upon which the jury could predicate a finding that defendant motorman was negligent after he became aware of the peril of plaintiff, an affirmative instruction for defendant was error justifying the granting of the motion for a new trial.

6. **Same; Duty of Motorman.**—Within the limits of reasonable prudence and fair judgment, a motorman may presume that a grown person either will not enter the range of danger created by the approaching car, or that he will remove himself or his vehicle therefrom before a collision occurs.

7. **Same; Jury Question.**—Under the evidence in this case, it was a question for the jury whether the motorman was negligent after discovering the imminent peril of a collision.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by J. B. Brannon against I. W. Ross as receiver of the Birmingham, Ensley & Bessemer Railroad Company. Judgment for defendant, which on motion was set aside and new trial ordered, and defendant appeals. Affirmed.

The following are the charges directed to be set out as given at the request of defendant:

(4) Affirmative charge under the first count.

(5) Before you can find that defendant's motorman was guilty of willful, wanton, or intentional misconduct in the manner in which he operated the car, prior to or at the moment of the collision, it will be necessary for you to believe from the evidence reasonably that when he approached the point of the accident he was operating the car with either a willful or intentional knowledge that his manner of operating the car would probably or likely result in injury to some person on the street, yet, nevertheless, continued in disregard of the consequences to operate the car in a dangerous manner.

(9) I charge you as matter of law that the driver of an automobile in approaching and going upon defendant's track under the circumstances shown by the evidence in this case is guilty of negligence.

(14) If you are reasonably satisfied from the evidence that in approaching the point of the accident, defendant's motorman gave reasonable warning of the approach of the car, and operated the car in a reasonably careful and prudent manner, and that he saw the automobile in dangerous proximity to the track, too near to stop the car and avert the injury by the exercise of all the means at his command known to a skillful and careful motorman, your verdict must be for defendant.

FORNEY JOHNSTON, and W. R. C. COCKE, for appellant. ALLEN, BELL & SADLER, for appellee.

McCLELLAN, J.—The plaintiff's (appellee's) automobile was struck and injured by a collision between it and a street car operated by the receiver (appellant) at the intersection of Fifth avenue and Thirty-Ninth street in the city of Birmingham. The suit is to recover the property damage thus suffered. The jury returned a verdict for the defendant. The plaintiff's motion for a new trial was granted, and the appeal of the receiver invokes a review of that action of the trial court. The grounds of the motion, four in number, rest on the action of the court in giving at defendant's request special charges 4, 5, 9, and 14, which will be set out in report of the appeal. Aside from the effect wrought by the direction given to the jury through special instruction 4, which was the general affirmative charge for the defendant on count 1 of the complaint, the view of the court as expressed through the other special instructions noted in the motion was that the plaintiff's only possible leads to a recovery were: Subsequent negligence after discovery of peril by the operative, or willful or wanton misconduct on the part of the operative of the street car with which the automobile collided.

The street car was moving along Fifth avenue, and the automobile was moving along Thirty-Ninth street. The driver of the automobile and the operative of the street car were familiar with the situation at the intersection of these streets; and as they approached thereto both were looking out for travelers and for street cars, respectively, moving toward or about the area of

[Ross, as Receiver, v. Brannon.]

intersection of these streets. The plaintiff's automobile was being driven by Ernest Fortenberry; and Will Fortenberry was riding beside his brother, the driver. The driver of the automobile saw the car approaching the point at which the automobile would, if unhindered, cross the railway. He testified: "When I first saw the car I shoved the clutch out and I saw the distance then, and the speed the car was running, I mean the speed the other car was running, and I could see that I wasn't going to get across; could tell. I tried to get across. I let the clutch back in after I saw I was too close to the track to stop and tried to get across. I threw the clutch just as soon as I saw the car. I was about as far as from here to this window (indicating); a distance of 25 feet at the time I threw out the clutch. Prior to that time I couldn't see up the car track; I was leaning over something like that looking around the house trying to get a view of the track. I could not say how many feet the corner house sits back from Fifth avenue. It don't look to me like it sits back 27 feet. I could not say how far it sits back. I will say about as far as from here to the wall (indicating); about 25 feet; I cannot say much about that because I don't know. I could not tell you how wide Thirty-Ninth street is; I don't know. I believe it is as wide as from where I am sitting over to the door (indicating); about 30 feet; that is my best judgment. The main road of the street is not that wide. The traveled part of the street is right in the middle of the street. I was in the traveled part of the street when I was coming up to Fifth avenue. Yes, sir; I was looking out for the street car. No, sir; didn't stop. I was listening, but didn't hear any street car. When I threw out the clutch, I saw I was too close to stop, and I threw it on again and tried to beat it across. I was going 8 or 10 miles; not over 10. * * * The car, when I first saw it, was up above the store, back that way (indicating) up the track to the east. At that time the car was about 125 feet away. When I first came in view of the car I could see 125 feet up the track, but I could not tell you how much further. No, sir; I could not see beyond the car at this time; that is, see the rails beyond the car. You could, after you run out, but when I first saw the car I couldn't see beyond. No, sir; I didn't say that at the time I first saw the car it was about even with the store. I said the car was between 100 and 125 feet down the track from where I was. The car was going somewhere right about 25 miles an hour, between 25 and 30. I

couldn't say whether it slowed up any before it got down to Thirty-Ninth street; it seemed to slow up just before it hit me. It was going between 25 and 30 miles an hour when it hit me. After it hit me, the car ran about as far as from here to the cooler (indicating) ; about 25 feet. The hind end of the car was about as far as from here to that door (indicating) ; about 25 feet; that is my best judgment.   I do not know how long those cars are."

(1) Where a traveler at a public railway crossing or on a street over which railways are operated sees a train or street car approaching, misjudges its speed, or, for any reason, his own ability to cross before it reaches the point of his crossing thereof, and makes the attempt and is injured thereby, he is guilty of contributory negligence, barring a recovery for his injury for any initial negligence of the operative of the train or street car, unless such operative is guilty of simple negligence or the more aggravated wrong, proximately causing the injury after discovery of the traveler's peril.—*Cent. of Ga. Ry. Co. v. Foshee,* 125 Ala. 213, 27 South. 1006; *A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 269, 277, 47 South. 84, among many others in that line.

(2) It is the duty of a traveler on a public street over which street cars are operated "to look for an approaching car, and, if the street is obstructed, to listen, and in some instances to stop." —*B. R., L. & P. Co. v. Oldham,* 141 Ala. 195, 197, 37 South. 452, 453 (3 Ann. Cas. 333) ; *Anniston Elec. Co. v. Rosen,* 159 Ala. 195, 202, 203, 48 South. 798, 133 Am. St. Rep. 132.   The object of such care and the precaution required being to conserve safety in a practical way, it must be observed, so as to subserve the purpose in view.—*Sou. Ry. v. Irvin,* 191 Ala. 622, 68 South. 139.

(3) It is manifest that the character and measure of care and precaution a traveler in an automobile must observe in such circumstances as are here involved is not observed if he approaches a crossing of a street railway, with his machine running at such a speed as that he cannot, after seeing an approaching street car, stop his automobile before entering the zone of danger that is created by the street car.   It is clear, beyond any sort of doubt, that the driver was guilty of contributory negligence, barring recovery for any initial negligence on the part of the operative of the street car, not only in attempting to "beat" the street car over the crossing at the point toward which he was moving, but also in approaching Fifth avenue, over Thirty-Ninth

street, at such speed as that he could not stop his automobile before it reached the railway or dangerous proximity to it after he saw or could with due diligence have seen the street car approaching. Under the evidence in this case, there was no error in giving special charge 9. So that ground of the motion for new trial cannot avail to justify the court in granting the motion for new trial. *B. R., L. & P. Co. v. McLain,* 162 Ala. 656, 658, 659, 50 South. 149, cited on brief for appellee, is without application in this instance. The distance at which the approaching car may be seen by the traveler in the observance of the duty of precaution before stated, or at which the approaching car is seen by him, serves to differentiate the general statement in the opinion in *McLain's Case, supra,* from the case under review. It was not the purpose of the court to modify or overrule the *Foshee Case,* and the many others in its line, in the particular to which we have made reference in this opinion. The question made by special charge 9 concerns negligence vel non on the part of the traveler, and not a breach of duty by the operative of the street car.

(4) The first count of the complaint charges negligence in a general way; and under its averments it was permissible for the plaintiff to introduce evidence of, and, if so entitled to recover for, subsequent negligence after the operative became aware of the danger to plaintiff's machine or that it was about to become imperiled.—*L. & N. R. R. Co. v. Lowe,* 158 Ala. 391, 48 South. 99.

(5) The giving of special charge 4 (the general affirmative charge for the defendant as to count 1) was error, justifying the action of the court in ordering a new trial, if there was any evidence before the court upon which the jury could have predicated a finding that, after the operative became aware of the peril of plaintiff's automobile or that it was about to become imperiled, the operative was negligent in the performance of his duty to avert the collision with the oncoming machine.—*Anniston Elec. Co. v. Rosen, supra.*

(6) A motorman may, within the limits of reasonable prudence and fair judgment, presume that an adult either will not enter the range of danger created by an approaching street car, or that he will remove himself or his vehicle therefrom before an impact occurs.—*Anniston Elec. Co. v. Rosen, supra; Randle v. B. R., L. & P. Co.,* 158 Ala. 532, 48 South. 114.

(7) On the evidence reproduced here the court was not authorized to pronounce as a matter of law that the elements essential to support a finding that the operative was not negligent after he became aware of the impending, imminent peril of a collision between the street car and the automobile. The motorman saw the automobile approaching the point on the railway toward which his street car was running—rapidly, according to some of the evidence. At what point between the place where he first saw the automobile approaching and the place whereat the collision with the rear of the automobile occurred, the motorman should have ceased to longer rely upon the stated presumption that the driver would not permit the automobile to enter the zone of danger from the approaching street car, and thereupon passed under the duty to use all available means known to skillful motormen to avert injury, was a question for the jury to decide; and, if there was not time or opportunity skillfully to bring into play the means to stop the street car or to appreciably diminish its speed before its collision with the automobile, the proximate cause of the injury could not be said to be negligence of the motorman after he became aware of the impending peril.—*L. & N. R. R. Co. v. Young,* 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301. Whether or not the driver of the automobile was guilty of such negligence, after he became aware of his peril—negligence concurrent with or subsequent to negligence (if so) of the operative after the operative became aware of impending peril to the automobile (*Young's Case* and *Rosen's Case, supra*)—as would conclude a recovery by the plaintiff upon the theory that the motorman was guilty of negligence after the discovery of the peril into which the driver was permitting his automobile to move, is a question not presented for review at this time. Our opinion is that the court was not mistaken in granting the new trial on the ground that it had erred in giving, at defendant's request, special charge 4. It is not anticipated that on the retrial to occur the court will give special charges 5 and 14 as they are now framed, since they at least possess misleading tendencies. See *Coleman v. Pepper,* 159 Ala. 310, 314, 315, 49 South. 310.

The court did not err in awarding a new trial.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.