(87 South. 181)

### SCHMIDT v. MOBILE LIGHT & R. CO.
(1 Div. 136.)

(Supreme Court of Alabama. Dec. 16, 1920.)

**1. Pleading ⚖�señalado8(17) — Facts pleaded must show negligence.**

In plea of contributory negligence the facts pleaded as a defense must show a negligent act which contributed to the accident.

**2. Pleading ⚖➡9 — When act is negligent per se, it is unnecessary to allege that it was negligently committed.**

When the facts alleged in a plea of contributory negligence show that the act attributed to plaintiff as preventing his recovery was negligent per se and contributed to his injury, it is unnecessary to allege that such act was negligently committed.

**3. Street railroads ⚖➡99(10)—Stop, look, and listen rule inapplicable to street railroads.**

The stop, look, and listen rule applicable to steam railroads does not apply to street railroads, and the uttermost required is that the traveler look for approaching cars, and, if the street is obstructed, listen, and in some instances stop.

**4. Street railroads ⚖➡110(2)—Plea of contributory negligence in failing to stop, look, and listen held bad.**

A plea that the driver of the automobile struck by defendant's street car was negligent in that he undertook to cross ahead of and in dangerous proximity to the street car without first stopping, looking, and listening, although he would have known of the dangerous proximity of the car if he had stopped, looked, and listened, is insufficient.

**5. Appeal and error ⚖➡928(3)—Presumed that instruction was warranted in view of lack of evidence in record.**

Where plaintiff examined a witness with reference to a picture of the locus in quo of the collision which was not embraced in the bill of exceptions, thus showing a contradiction of the recital that the bill contained all the evidence, the charge by which the trial court applied the law of the case to the evidence must be presumed to have been properly given in view of the omitted evidence.

**6. Street railroads ⚖➡104—Motorman may be guilty of wantonness, though not at fault after seeing peril.**

A motorman in charge of a street car may be guilty of wantonness or willfulness in the manner of his approach to a crossing, although as soon as he saw that the automobile which was struck would not stop or turn off in time to avoid the collision he did everything in his power to avoid the collision; consequently an instruction that, when a motorman sees an automobile approaching the track, he has a right to assume that it will either stop or turn off, and is under no duty to stop or slow down his car until it becomes apparent the motorist will not stop or turn off, is erroneous.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Christeen Schmidt against the Mobile Light & Railroad Company for damages for injury to an automobile in a collision. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Plea 3 as last amended is as follows:

"(3) For further plea to the first count of the plaintiff's complaint, the defendant says:

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That the chauffeur who was in charge of said automobile as the plaintiff's agent and acting within the scope of his employment was himself guilty of negligence, in this, that he undertook to cross the defendant's track in front of and ahead of the defendant's car and in dangerous proximity thereto without first stopping, looking, and listening for the approach of said car, although he would have known of the approach of said car within dangerous proximity if he had stopped, looked and listened before bringing said automobile within dangerous proximity to the defendant's track, and the defendant avers that the said negligence proximately contributed to the said injury."

Charge 2 given to the defendant is as follows:

"If you believe the undisputed evidence, you cannot find for the plaintiff under the first count of the complaint."

Charge 5, given at the request of the defendant, is as follows:

"When a motorman sees an automobile approaching the track on which his car is approaching, he has a right to assume that the automobile will either stop or turn off before the automobile reaches the track, and he is under no duty to stop or slow down his car until it becomes apparent that the automobile driver will not stop or turn off in time to avoid the collision, and, if it is then too late to avoid the injury, the street car company is not liable therefor."

G. C. Outlaw and Brown & Kohn, all of Mobile, for appellant.

The court erred in overruling demurrers to plea 3. 174 Ala. 657, 56 South. 1013. The court erred in giving charge 2. 151 Ala. 313, 44 South. 47; 140 Ala. 339, 37 South. 297; 136 Ala. 191, 34 South. 194; 158 Ala. 391, 48 South. 99; 192 Ala. 629, 69 South. 57; 186 Ala. 119, 65 South. 153; 11 Ala. App. 595, 66 South. 824. The court erred in giving charge 5. 136 Ala. 279, 34 South. 994, and authorities supra.

Harry T. Smith & Caffey, of Mobile, for appellee.

Where the facts stated show that plaintiff was negligent per se, it is not necessary to allege that the act was negligently committed. 166 Ala. 524, 52 South. 52; 169 Ala. 387, 53 South. 915; 164 Ala. 33, 51 South. 169. Plea 3 is unlike plea 7, criticized in appellant's brief, 174 Ala. 673, 56 South. 1013, and is differentiated therefrom. The doctrine of "stop, look and listen" has been frequently applied to electric and street railways. 146 Ala. 344, 40 South. 761; 91 Ala. 564, 8 South. 778; 125 Ala. 212, 27 South. 1006; 84 Miss. 493, 36 South. 452; 3 Ala. App. 359, 57 South. 404. Charge 2 was properly given. 149 Ala. 616, 43 South. 359, 10 L. R. A. (N. S.) 801; 144 Ala. 191, 39 South. 715; 163 Ala. 210, 50 South. 110; 156 Ala.

269, 47 South. 84. Charge 5 was properly given. 110 Ala. 328, 20 South. 345; 177 Ala. 457, 59 South. 164; 177 Ala. 475, 59 South. 213; 116 Ala. 198, 22 South. 457.

THOMAS, J. The suit was for damages, the result of collision between a street car and an automobile at a crossing of two streets in a populous section of the city of Mobile.

The complaint contained counts for simple negligence and for the willful and wanton conduct of defendant's agents operating the street car. Defendant's pleas were the general issue to the entire complaint and of contributory negligence to the first count. Demurrer was sustained to plea 2, and overruled to plea 3, as last amended. The reporter of decisions will set out this plea.

[1] The effect of our decisions is not that the defendant must use the word "negligently" in a plea of contributory negligence, but that the facts pleaded as a defense must show a negligent act that contributed to the damage or injury of which complaint is made. It must be admitted that there is some confusion in our decisions as to the effect of the use of the word "negligently" in a plea of contributory negligence. For illustration, in United States Cast Iron Pipe & F. Co. v. Granger, 162 Ala. 637, 640, 50 South. 159, the plea alleged that plaintiff "negligently" assumed or occupied a position or place of danger "under or near the said crane," without averring the facts. Held subject to demurrer as being merely the legal conclusion of the pleader. It would appear that expressions to the same effect are contained in S.-S. S. & I. Co. v. Harrison, 200 Ala. 281, 282, 76 South. 47; B. R., L. & P. Co. v. Hunt, 200 Ala. 560, 561, 76 South. 918; St. Louis, etc., Co. v. Brantley, 168 Ala. 579, 584, 53 South. 305; Sou. Cotton Oil Co. v. Walker, 164 Ala. 33, 48, 51 South. 169; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 278, 279, 61 South. 80, Ann. Cas. 1916A, 543; and Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933. On the other hand, in Pace v. L. & N. R. R. Co., 166 Ala. 519, 524, 525, 52 South. 52, it was said that, where the general facts are stated, the word "negligently" is not without appropriate and effective uses (City of Montg. v. Wyche, 169 Ala. 181, 190, 53 South. 786); that, when the facts averred are "consistent with a negative inference, it is essential that the plea should color the equivocal facts by supplying the conclusion that plaintiff's conduct was negligent." B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 279, 61 South. 80, 82 (Ann. Cas. 1916A, 543); S.-S. S. & I. Co. v. Brooks, ante, p. 674, 87 South. 82.

The plea dealt with in B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013 (plea 7), was somewhat different from plea 3 as

amended in instant case, in that it did not aver that, if plaintiff's intestate had looked for said car, she could have seen it approaching in close and dangerous proximity, imperiling her attempt to cross ahead of it. The ruling of the trial court as to said plea was justified in the fact that it was "a duplicate of plea 8, and under which the defendant got the full benefit of plea 7." Plea 8 was in many respects like plea 7. with the additional averment that plaintiff's intestate "negligently" attempted to cross the track in front of and in dangerous proximity to said car, which was then and there approaching her, without looking for said car.

[2-4] It is beyond question that, when the facts alleged in a plea of contributory negligence show that the act attributed to plaintiff and preventing his recovery was negligence per se on his part and contributed to his injury, it is unnecessary to allege that such act was negligently committed, done, or permitted by plaintiff. Dwight Mfg. Co. v. Holmes, supra; B. R., L. & P. Co. v. Yates, 169 Ala. 381, 387, 53 South. 915. The third ground of demurrer challenged the sufficiency of plea 3 as amended, for that it failed to show wherein said chauffeur "was under any duty to stop before undertaking to drive across defendant's track, and look and listen to ascertain whether there was a street car approaching within dangerous proximity." Thus was indicated the failure of the plea in the attempt to set up an obvious danger—the plea admits that the driver of the automobile was not conscious of it—of the approach or dangerous proximity of the street car. The failure of the plea to place upon the driver of the automobile the duty, at the time and place, "to stop, look, and listen" before proceeding down Lawrence street to its intersection with Charleston street, the point where the collision occurred, was thus challenged by the demurrer. The right of pedestrians and drivers of vehicles on the public streets was adverted to in Huey v. Dykes, 203 Ala. 231, 82 South. 481, where the defense attempted to be set up by the pleas (to which demurrer was justified) proceeded upon the theory that it was the duty of intestate, riding a bicycle along the public street and at a crossing of two streets, to keep a special lookout for defendant's automobile, whereas only the general duty to exercise due care rested upon intestate in his use of the highway. Adler v. Martin, 179 Ala. 97, 114, 115, 117, 118, 59 South. 597; Dozier v. Woods, 190 Ala. 279, 67 South. 283; Barbour v. Shebor, 177 Ala. 304, 310, 58 South. 276; Corona C. & I. Co. v. White, 158 Ala. 627, 48 South. 362, 20 L. R. A. (N. S.) 958. In Ross, as Receiver, v. Brannon, 198 Ala. 124, 73 South. 439, it was declared that—

"It is the duty of a traveler on a public street over which street cars are operated 'to look for an approaching car, and, if the street is obstructed, to listen, and in some instances to stop.'"

See B. R., L. & P. Co. v. Oldham, 141 Ala. 195, 197, 37 South. 452, 3 Ann. Cas. 333; Anniston Elec. & Gas Co. v. Rosen, 159 Ala. 195, 202, 203, 48 South. 798, 133 Am. St. Rep. 32; Mobile L. & R. Co. v. Harris Groc. Co. (App.) 84 South. 867.

This is as far as our court has gone. The "stop, look, and listen" rule, as applied to persons about to cross or go upon the track of a steam railway, has not been fully applied to pedestrians or those driving along or across a public street in a city on which is imbedded a street railway line. If such pedestrian or driver of vehicle cannot see, it may be his duty to listen; if he cannot hear, it may be his duty (depending upon the circumstances of each case) to stop. The whole burden of stopping, looking, and listening, as a matter of law (in every case), has not been placed on a pedestrian or driver of a vehicle upon or crossing a public street in a city, town, or village as regards street cars being propelled thereon.

[5] The plaintiff examined the witness Clyce Orso by reference to a picture of the locus in quo of the collision, which has not been embraced in the bill of exceptions. These references were such as to involve a contradiction in the bill of exceptions, reciting that it contains all the evidence. L. & N. R. R. Co. v. Jenkins, 196 Ala. 136, 140, 72 South. 68. In the absence of the photographs from which the witness testified to explain and illustrate his testimony, the charge, which involved a ruling of the trial court applying the law of the case to all the evidence (as was the case in given charge 2 pertaining to the first count), must be presumed to have been properly given when referred to the omitted evidence. L. & N. R. R. Co. v. Jenkins, supra; Fayet v. St. Louis & S. F. R. Co., 203 Ala. 3–5, 81 South. 671; B. R., L. & P. Co. v. Canfield, 177 Ala. 422, 429, 59 South. 217; Sou. Ry. Co. v. Wyley, 200 Ala. 14, 75 South. 326.

[6] The case went to the jury on the willful and wanton count, and, whatever may be said of written charge 5, given at the request of defendant, it was erroneous as applied to the evidence under the willful and wanton count. The motorman might have been guilty of wantonness or willfulness in the manner of his approach to said crossing, although as soon as he saw that the automobile would not stop or turn off in time to avoid the collision he might have done everything possible that the most skilled and efficient motorman could have done to avoid the collision. A similar charge was refused in B. R. & E. Co. v. Jackson, 136 Ala. 279, 34 South. 994, where the court declared that the motorman could be held on wantonness, although he

might not have been in fault after he discovered the perilous position of plaintiff.

For the error in overruling demurrer to plea 3 as last amended, and for the giving of defendant's written charge 5 under the willful and wanton count, the judgment of the circuit court will be reversed, and the case remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.