## JEFFERSON DAIRY CO. v. WILLIAMS.
### (6 Div. 867.)

(Supreme Court of Alabama. March 24, 1927.)

**1. Food ⚍25—Consumer's complaint against seller of milk, alleging facts from which defendant's duty arose and its breach, held good against demurrers.**

Complaint by consumer against seller of milk containing impurities, alleging facts and relationship from whence defendant's duty to plaintiff arose, and averring breach thereof by way of conclusion, *held* good as against demurrers.

**2. Pleading ⚍251—Amendment to complaint held not unintelligible because descriptive words designated line 17 as line 16, where context was self-corrective.**

Amendment to complaint *held* not unintelligible because descriptive words employed designated line to be No. 16 instead of line 17, where context was self-corrective.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Lillie Marjorie Williams, by her next friend, P. C. Williams, against the Jefferson Dairy Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The complaint is as follows:

"Count 1. Plaintiff claims of the defendant $5,000 damages for that heretofore, to wit, on or about the 16th day of January, 1925, the defendant was a corporation distributing sweet milk and other dairy products to persons in and about the vicinity of the city of Birmingham, Ala.; as a retail dealer—that is to say, the defendant was then and at that time in the business of delivering for a price sweet milk and other dairy products for the consumption of persons in said vicinity, at a certain price per bottle or other container—and as such corporation engaged in said business it became the duty of the defendant to provide only good, proper, healthful, and sanitary sweet milk and other dairy products to such persons, but the plaintiff avers that upon the date hereinabove set forth, to wit, January 16, 1925, the defendant sold and delivered to the plaintiff sweet milk which contained larvæ of house flies in great numbers and other improper, nasty, unhealthful, and unsanitary, and which condition of said milk being then and there not known to the plaintiff, who was an infant child of the tender age of 9 months, she took a part of the said sweet milk into her stomach as food, and by reason of its bad and nasty condition, and as a result of the larvæ of house flies and other nasty she was made very sick and was caused to suffer great mental and physical pain and anguish, and was rendered for a long while weak sick, and nauseated, all of which was the direct consequence and proximate result of the negligence of the defendant in delivering to the plaintiff for her food consumption sweet milk which was not good, and which contained the larvæ of house flies and other unsanitary substances as hereinabove set forth, hence this action.

"Count 2. Plaintiff claims of the defendant the further sum of $5,000 for that heretofore, to wit, on or about the 16th day of January, 1925, the plaintiff was an infant about 9 months of age, living in this county and state and the defendant was a corporation making retail deliveries of milk and dairy products in and about the city of Birmingham in this county and state, and as such corporation engaged in such business it was the duty of said defendant to deliver to all persons to whom milk was delivered, proper and sanitary milk, but the plaintiff avers that on or about the said above-mentioned date the defendant delivered to her for her consumption as food a bottle full of sweet milk for a price which was paid to the defendant by the plaintiff, and which said sweet milk was consumed by her for food or a part of said sweet milk was so consumed, and which said milk was infested with or contained great quantities of the larvæ of flies, and which larvæ were taken thereby into her stomach and made her sick, sore, and nauseated and made her to be sick for a long time, and impaired her health, and caused her much mental and physical pain and suffering, all because of and a proximate result of the negligence of the defendant in placing in her possession milk that was not sanitary, but which contained larvæ of flies as aforesaid; and the plaintiff prays that the defendant be made to pay punitive damages for said negligence in placing in the possession of a child of such tender years for her consumption as food milk containing the larvæ of flies, and other nasty and unsanitary substance."

The amendment to the complaint is as follows:

"Comes the plaintiff in the above-styled cause, and having first had and obtained leave of the court herein, amends the original complaint in the following words, characters, and figures, to wit:

"First. The plaintiff amends count 1 of said complaint by adding thereto: 'And which said condition could not be observed by such child nor by parents or other persons administering or giving the plaintiff said milk in due and ordinary course of conduct such as is proper in administering or giving milk to such a child of tender years, as food,' in line No. 17 of said complaint between the words 'to the plaintiff,' and the words 'who was an infant,' wherein they therein occur, and by further adding, 'or the agent, servant, or employee of the defendant while acting within the line and scope of their employment as such agent, servant, or employee of defendant, sold and delivered to the plaintiff said sweet milk in said condition.'

"Second. Plaintiff amends the second count of said complaint by adding thereto in line No. 16 the words 'which condition of which said sweet milk was not known and could not be observed by one reasonably diligent in administering or giving said sweet milk to persons for food' between the words 'larvæ of flies' and 'and which larvæ,' wherein they therein occur, and adds thereto the further and other words, 'or their agents, servants, or employees while acting within the line and scope of their employ-

ment as such agents, servants, or employees,' in line No. 11 of said count 2, between the words 'defendant' and 'delivered to her,' where they therein occur."

Defendant interposed these grounds of demurrer to the complaint as originally filed:

"(1) Said complaint is vague, indefinite, and uncertain.

"(2) Said complaint does not state a cause of action.

"(3) For aught that appears in said complaint, the defendant has not violated any owing duty by it to the plaintiff.

"(4) For that it does not appear that there is any contractual relationship or otherwise existing between the plaintiff and the defendant."

After amendment, defendant filed these additional grounds of demurrer:

"(1) Does not appear how and in what manner the plaintiff purchased said milk or when.

"(2) For aught that appears there is no contractual relationship between the plaintiff and this defendant.

"(3) Said complaint shows merely conclusions of the pleader.

"(4) Does not appear other than by a conclusion of the pleader that the alleged foreign matter in said milk was sufficient, or the proximate cause of the alleged injury to the plaintiff.

"(5) For that said complaint charges that said milk was not good, and also that it contained larvæ of house flies and on that account is duplicitous.

"(6) Does not appear that defendant failed to use ordinary care in bottling said milk."

Murphy & Hanna, of Birmingham, for appellant.

An amendment which cannot be read to an intelligent effect, or introduces uncertainty into a pleading, should be rejected. 31 C. J. 446; Byrd v. Campbell P. P. Co., 90 Ga. 542, 16 S. E. 267; Hughes v. Austin, 12 Tex. Civ. App. 178, 33 S. W. 607; Armstrong v. Walker, 200 Ala. 364, 76 So. 280. A complaint that does not show the existence of a duty on defendant's part arising out of the relationship of the parties is demurrable. Western Ry. v. McGraw, 183 Ala. 220, 62 So. 772; B. R. L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304.

Parrish & Patrick, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. [1] The duty of the pleader in drawing complaints (J. H. Burton & Sons Co. v. May, 212 Ala. 435, 438, 103 So. 46; Wright v. McCord, 205 Ala. 122, 125, 88 So. 150; B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 148, 149, 77 So. 565; Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Nat. Park Bank. v. L. & N. R. Co., 199 Ala. 192, 199, 74 So. 69; Newton v. Brook, 134 Ala. 269, 32 So. 722; Schmidt v. Mobile L. & R. Co., 204 Ala. 694, 87 So. 181), and pleas have been often stated (Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Schmidt v. Mobile L. & R. Co., 204 Ala. 694, 87 So. 181; Wills' Gould on Pleading, 2, 3). The amended counts show (1) the facts from whence the duty to plaintiff arises out of the relationship of the parties; and (2) the averment by way of conclusion of the breach thereof. Wright v. McCord, 205 Ala. 122, 88 So. 150; Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; Ala. Power Co. v. Stogner, 208 Ala. 666, 668, 95 So. 151; J. H. Burton & Sons Co. v. May, 212 Ala. 435, 438, 103 So. 46. The demurrers were properly overruled.

[2] Appellant insists that the amendments are unintelligible because of inapt description as to lines, etc. Armstrong v. Walker, 200 Ala. 364, 366, 76 So. 280. The descriptive words employed designate the line as appears in the record proper to be No. 16 instead of line 17. The context was self-corrective, so the second amendment at the end related to the negligence of the defendant in delivering to plaintiff and made the same to apply to agent, servant, or employee of defendant, while acting in the line and scope of said agency or employment. The amendments to count 2 are likewise intelligible for the reason so given of the context. Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 So. 74; Insurance Co. v. Williams, 200 Ala. 681, 682, 77 So. 159; Randolph v. Bradford, 204 Ala. 378, 86 So. 39; Wood v. Barnett, 208 Ala. 295, 298, 94 So. 338; Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525; Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Reed v. Robinson, 213 Ala. 14, 104 So. 130.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.